**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | |
|---|---|
| MARANDA LANGFORD, | ) |
| Plaintiff, | ) ) ) |
| | ) Case No.: _____ |
| v. | ) ) |
| MYLAN PHARMACEUTICALS, INC. and FICTITIOUS DEFENDANTS 1–7, | ) ) ) |
| Defendants. | ) ) |

**NOTICE OF REMOVAL**

Defendant Mylan Pharmaceuticals Inc. ("MPI") gives notice of the removal of this action from the Circuit Court of Macon County, Alabama, to the United States District Court for the Middle District of Alabama, Eastern Division. Removal is based on diversity jurisdiction pursuant to 28 U.S.C. §1332(a) and (d) and 28 U.S.C. §1441(a). As further support of removal of this action, MPI would show as follows:

**I.    BACKGROUND**

1. Maranda Langford ("Plaintiff") filed this action in the Circuit Court of Macon County, Alabama, on or about July 31, 2020, docketed at Civil Action No. 46-CV-2020-900113.00. Plaintiff's Complaint is attached as Exhibit A. A complete copy of the record maintained by the Circuit Court of Macon County is attached as Exhibit B.

2. MPI has never been properly served with process in the underlying state court action. Nonetheless, Plaintiff obtained an order entering default judgment against MPI on December 8, 2020 and, thereafter, an order assessing damages on March 8, 2022.

3. Upon receiving notice of the pendency of this action in Macon County and the entry of default judgment, MPI specially appeared and moved to vacate and set aside judgment. A true

and correct copy of MPI's Motion to Vacate and Set Aside Default Judgment and supporting materials, filed in the underlying state court action, is attached as Exhibit C.

4. As of the date of this notice, MPI's Motion to Vacate remains pending.

5. This is one of more than 1,000 cases filed around the country involving personal-injury allegations by plaintiffs who have ingested either the medication valsartan or other related "sartan" drugs.

6. On February 14, 2019, the Judicial Panel on Multidistrict Litigation issued an order establishing MDL No. 2875, *In re Valsartan N-Nitrosodimethylamine (NDMA) Contamination Prods. Liab. Litig.,* 363 F. Supp. 3d 1378 (J.P.M.L. 2019), before Judge Robert B. Kugler in the United States District Court for the District of New Jersey.

7. On December 18, 2019, MDL No. 2875 was expanded to include additional "sartan" drugs losartan and irbesartan and was renamed "*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation.*" *In re Valsartan Prods. Liab. Litig.*, 433 F. Supp. 3d 1349, 1353 (J.P.M.L. 2019).

8. MPI therefore intends to seek the transfer of this action to that proceeding and will shortly provide the MDL Panel notice of this action pursuant to the "tag-along" procedure contained in the MDL Rules.[1]

II. **JURISDICTIONAL BASIS FOR REMOVAL**

   A. **Complete Diversity Exists Among the Parties**

9. Plaintiff is a citizen of Alabama. (*See* Exhibit A, Compl. ¶ 1.)

10. MPI is, and at the time of filing of this action was, a corporation existing under the

---

[1] By MPI's count, Plaintiff's counsel has represented approximately 15 other plaintiffs with cases currently or formerly pending in the *Valsartan* MDL.

laws of the state of West Virginia, having its principal place of business in the State of West Virginia. Thus, MPI is considered a citizen of the State of West Virginia for purposes of determining federal diversity jurisdiction. *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.,* 374 F.3d 1020, 1021 (11th Cir. 2004); *Ala. Aggregate, Inc. v. Powerscreen Crushing & Screening, LLC,* 2021 U.S. Dist. LEXIS 168926 (M.D. Ala. 2021).

11. "[T]he citizenship of defendants sued under fictitious names shall be disregarded" for purposes of diversity jurisdiction. 28 U.S.C. § 1441(b)(1).

12. Because Plaintiff and MPI are not citizens of the same state, complete diversity exists among the parties.

### B. Matter in Controversy Exceeds Jurisdictional Limits

13. Plaintiff alleges that she suffered injury as a result of her use of FDA-approved valsartan-containing drugs ("VCDs"). Plaintiff alleges that the VCDs prescribed by her physician contained the impurity N-Nitrosodimethylamine, which Plaintiff alleges is a "cancer-causing agent." (*See* Exhibit A, Compl. ¶¶ 15-19, 28.)

14. Plaintiff alleges that MPI was aware that the VCD could cause injury. (*Id.* ¶ 24.)

15. Plaintiff's pleading does not specify the amount of damages claimed. Instead, she seeks "damages in the amount to be assessed by a jury under the provisions of the laws of this State, together with interest, cost, and such other or further relief to which Plaintiff may be entitled." (*Id.* at *ad damnum* clause.)

16. Although the precise amount of damages claimed is not specified, the nature and extent of Plaintiff's alleged personal injuries and description of damages supports the conclusion that the amount in controversy exceeds $75,000.

17. A defendant's burden in alleging the existence of federal jurisdiction upon removal

"is no greater than is required to establish federal jurisdiction as alleged in a complaint." *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 200 (4th Cir. 2008).

18. A notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). "[T]he defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court," and "[e]vidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Id.* at 553–54.

19. Though the Complaint does not specify the total amount of damages sought, the amount in controversy is measured "by a reasonable reading of the value of the rights being litigated." *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993).

20. In making its determination of whether the amount in controversy is satisfied, the Court may employ its judicial experience and common sense. *Roe v. Michelin North America, Inc.*, 613 F.3d 1058, 1062–63 (11th Cir. 2010).

21. "A removing party need not show that the plaintiff will *prevail* or collect more than $75,000 if he does. The burden, rather, is to show what the plaintiff hopes to get out of the litigation; if this exceeds the jurisdictional amount, then the case proceeds in federal court unless a rule of law will keep the award under the threshold." *Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 816 (7th Cir. 2006) (emphasis original); *see also Lewis v. Verizon Comm., Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) ("[T]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability."); *see also Smith v. State Farm Fire & Cas. Co.*, 868 F. Supp. 2d 1333, 1335 (N.D. Ala. 2012) (noting that plaintiffs "who want to pursue claims against diverse parties in a state court seeking unspecified damages of various

kinds, such as punitive damages and emotional distress, must in their complaint formally and expressly disclaim any entitlement to more than $74,999.99, and categorically state that plaintiff will never accept more"; "[o]therwise a plaintiff will find herself in a federal court"); *Ashworth v. Burns*, No. 1:08-cv-16, 2009 WL 3242094, at *1–3 (S.D. Ala. Oct. 7, 2009) (finding the amount-in-controversy requirement satisfied in case where plaintiff requested a default judgment in the amount of $75,000, because "[t]he only evidence that the amount in controversy [wa]s below the jurisdictional minimum [wa]s plaintiff's request for default judgment in an amount that is one cent below that minimum").

22. MPI thus avers removal is proper because there exists federal subject matter jurisdiction over this action—like the many hundreds pending in the *Valsartan* MDL—as there is complete diversity of citizenship among the parties and the matter in controversy exceeds $75,000, exclusive of interest and cost. 28 U.S.C. §§ 1332(a)(1), 1441(a).

### III. PROCEDURAL ELEMENTS OF REMOVAL

23. A notice of removal must be filed within thirty days after the formal service of original process on a defendant. 28 U.S.C. § 1446(b)(1); *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).

24. MPI has not been properly served with process in this matter and, as such, this removal is effectuated before the expiration of the 30-day deadline set forth at § 1446(b)(1).

25. Moreover, the one-year deadline contained within § 1446(c)(1) "applies *only* to cases that were not removable as originally filed but became removable later." *Burns v. Superior Goods, Inc.*, No. 2:20-cv-1594, 2021 WL 512238, at *4 (N.D. Ala. Feb. 11, 2021) (collecting cases) (emphasis in original); *Carter v. Frito-Lay, Inc.*, 144 F. App'x 815, 817 (11th Cir. 2005) (noting that "courts have held that [the one-year deadline] only applies to cases that were not

removable to federal court [as] originally filed").

26. Because the face of Plaintiff's pleading shows this case is removable as originally filed, the one-year deadline set forth in § 1446(c)(1) does not apply.

27. This action is properly removed to the United States District Court for the Middle District of Alabama, Eastern Division, because Plaintiff's Complaint was originally filed in the Circuit Court of Macon County, Alabama, which lies geographically within this judicial district and division. See 28 U.S.C. §§ 81(b)(3), 1441(a).

28. Removal pursuant to 28 U.S.C. § 1441(a) requires that "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). Because MPI is the only non-fictitious defendant named in this action, the unanimity requirement is satisfied.

29. Copies of all process, pleadings, and orders filed in the underlying state court action are collectively attached hereto as Exhibit B.

30. Contemporaneously with the filing of this Notice of Removal, MPI will give written notice thereof to all adverse parties and will file a copy of this Notice with the Clerk of the Circuit Court of Macon County, Alabama.

31. No previous application has been made for the relief requested in this Notice of Removal.

32. All procedural elements for removal have been satisfied.

**IV.  RESERVATIONS AND REQUEST FOR ORAL ARGUMENT**

33. If any question arises as to the propriety of the removal of this action, MPI respectfully requests the opportunity to present a brief, evidence, and oral argument in support of its position that this case is removable.

34. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of MPI's right to assert any defense or affirmative matter including, without limitation, the defense of (a) lack of personal jurisdiction; (b) improper or inconvenient venue; (c) insufficiency of process; (d) insufficiency of service of process; (e) improper joinder of claims and/or parties; (f) failure to state a claim; (g) failure to join an indispensable party; or (h) any other procedural or substantive defense available under state or federal law.

V. **JURY DEMAND**

35. MPI demands a trial by jury on all issues so triable.

WHEREFORE, Defendant Mylan Pharmaceuticals Inc. respectfully requests this Honorable Court to exercise jurisdiction over this matter and to take any other action necessary to effectuate the removal of this action to the United States District Court for the Middle District of Alabama.

Respectfully Submitted,

*/s/ Brian P. Strength*
Brian P. Strength (STR052)
ASB 9708G66B
Attorney for Defendant Mylan
Pharmaceuticals Inc.

**OF COUNSEL:**
Brian P. Strength
**STRENGTH & CONNALLY, LLC**
P.O. Box 830810
Tuskegee, AL 36083

(ph) 334.772.7762
(fax) 334.460.2773
bs@strengthconnally.com

## CERTIFICATE OF SERVICE

      I hereby certify that on June 21, 2022, I electronically filed the foregoing with the Clerk of the Court using the federal CM/ECF system and will place a copy of the same in regular U.S. mail, postage pre-paid, to the following counsel of record:

Gerald C. Brooks
Christopher D. Baldwin
Tiffany Tolliver
Serious Injury Law Group
P.O. Box 361256
Birmingham, AL 35236
Telephone: (205) 206-7070
Facsimile: (205) 206-7071
Email: gerald@seriouslawyers.com
chris@seriouslawyers.com
tiffany@seriouslawyers.com

*Attorneys for Plaintiff*

                                          /s/ Brian P. Strength