# Exhibit A

DOCUMENT 2
Case 3:22-cv-00371-SMD   Document 1-2   Filed 06/21/22   Page 2 of 7

ELECTRONICALLY FILED
7/31/2020 10:23 AM
46-CV-2020-900113.00
CIRCUIT COURT OF
MACON COUNTY, ALABAMA
DAVID LOVE, JR., CLERK

**IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA**

| | |
|---|---|
| MARANDA LANGFORD, | ) |
| Plaintiff, | ) |
| v. | ) Case No.: _____ |
| MYLAN PHARMACEUTICALS, INC., | ) JURY TRIAL DEMANDED |
| and FICTITIOUS DEFENDANTS 1 – 7, | ) |
| Defendants. | ) |

**COMPLAINT**

**THE PARTIES, JURISDICATION, AND VENUE**

1. Plaintiff Maranda Langford ("Plaintiff") is a Macon County, Alabama resident and is an individual above the age of nineteen years.

2. Defendant Mylan Pharmaceuticals, Inc. ("Mylan") was, at all relevant times, a company doing business in the County of Macon, State of Alabama.

3. Fictitious Defendant No. 1, whether singular or plural is that individual(s) that stocked manufactured the drug consumed by Plaintiff.

4. Fictitious Defendant No. 2, whether singular or plural, is that entity who or which marketed the drug ingested by Plaintiff.

5. Fictitious Defendant No. 3, whether singular or plural, is that entity who or which sold the drug ingested by Plaintiff.

6. Fictitious Defendant No. 4, whether singular or plural, is that entity who or which caused the drug ingested by Plaintiff to be contaminated.

1

7. Fictitious Defendant No. 5, whether singular or plural, is that entity who or which had any role in the distributive chain regarding the drug ingested by Plaintiff.

8. Fictitious Defendant No. 6, whether singular or plural, is that entity or those entities who or which, designed, manufactured, or distributed component parts of the drug ingested by Plaintiff.

9. Fictitious Defendant No. 7, whether singular or plural, is that entity or those entities, that individual or those individuals, other than those described above whose negligence, intentional conduct, willfulness, breach of conduct, wantonness, or other wrongful conduct contributed to cause the occurrence made the basis of Plaintiff's Complaint.

10. Plaintiff is currently ignorant of the true names and capacities, whether individual, corporate, associate, or otherwise, of the defendants sued herein under the fictitious names 1 – 7, inclusive, and therefore sue such defendants by such fictitious names. Plaintiff will seek leave to amend this complaint to allege the true names and capacities of said fictitiously named defendants when their true names and capacities have been ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants is legally responsible in some manner for the events and occurrences alleged herein, and for the damages sustained by Plaintiff.

11. Mylan and Defendants 1 – 7 are hereinafter collectively referred to as Defendants.

12. At all times relevant herein, Defendants manufactured, promoted, distributed, and/or sold for profit in Alabama a prescription drug in tablet form known as Valsartan/Hydrochlorothiazide (HCTZ) or Valsartan (collectively "the drug) in various dosages. Defendants promoted, distributed, and sold Valsartan as a hypertension reducing drug.

13. At all times relevant in this Complaint, defendants manufactured, promoted, distributed, and sold for profit Valsartan through interstate commerce, including in Macon County, Alabama.

## STATEMENT OF FACTS

14. Plaintiff adopts and incorporates by reference all allegations of all proceeding paragraphs herein.

15. The drug is an angiotensin-II-receptor antagonist used to treat hypertension (high blood pressure), recent heart attack, and heart failure.

16. Plaintiff ingested the drug as prescribed by her physician.

17. Defendants knowingly, recklessly, or negligently manufactured the drug with impurities, including but not limited to, a substance known as N-nitrosodimethylamine.

18. Defendants concealed the defective condition of the drug from Plaintiff and otherwise suppressed the dangerous nature of the medication. Plaintiff only recently learned of Defendants' wrongdoing.

19. As a result of the actions and inactions of Defendants, Plaintiff sustained injury.

## COUNT I – ALABAMA EXTENDED MANUFACTURER'S LIABILITY DOCTRINE

20. Plaintiff adopts and incorporates by reference all of the allegations of preceding paragraphs of this Complaint as if the same were set out fully herein.

21. At all times relevant hereto, the Defendants were engaged in the business of selling, distributing, manufacturing, using, marketing and/or promoting the drug containing hazardous and dangerous materials, chemicals, and/or products which were unreasonably dangerous and, therefore, defective.

22. At all times relevant hereto, Defendants sold, distributed, manufactured, used, promoted, and/or marketed the drug containing hazardous and dangerous materials and/or products that were expected to reach, and did reach consumers, including the Plaintiff, without substantial change in the condition of when the hazardous and dangerous materials and/or products left the possession of Defendants.

23. The drug was not reasonably safe in its manufacture, which made it not reasonably safe for its intended or reasonably foreseeable uses.

24. At all relevant times, defendants were aware that using the drug could cause physical injury.

25. Defendants possessed superior knowledge of the defective nature of the drug. Plaintiff had no reason to know of the defective condition of the drug.

26. At all times relevant hereto, there existed safer alternative materials, products and/or manufacturing processes other than those used by Defendants.

27. It would have been feasible to manufacture the drug in a way that would have eliminated or substantially diminished the risk of physical injury, i.e., not contaminating the drug.

28. A reasonable person who knew of the drug's potential for causing injury would have concluded that the product, which was not reasonably safe for use in its intended or reasonably foreseeable purposes because it was manufactured with a cancer-causing agent, should not have been marketed in that condition.

29. Defendants knew or otherwise expected that the drug would reach the ultimate user, including Plaintiff, without substantial change from, or alteration of, the condition in which it was originally manufactured and sold.

30. As a proximate and foreseeable result of Defendants' conduct, Plaintiff sustained

injury.

31. By reason of the foregoing, Defendants are liable to Plaintiff.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully demands a judgment against the Defendants, jointly and severally, for damages in the amount to be assessed by a jury under the provisions of the laws of this State, together with interest, cost, and such other or further relief to which Plaintiff may be entitled.

Respectfully Submitted,

*s/ Gerald C. Brooks*
Gerald C. Brooks (BRO212)
Christopher D. Baldwin (BAL065)
Tiffany Tolliver (TOL014)
Attorneys for Plaintiff

OF COUNSEL:
Serious Injury Law Group
P.O. Box 361256
Birmingham, AL 35236
Telephone: (205) 206-7070
Facsimile: (205) 206-7071
Email: gerald@seriouslawyers.com
chris@seriouslawyers.com
tiffany@seriouslawyers.com

**PLEASE SERVE DEFENDANTS VIA CERTIFIED MAIL:**

MYLAN PHARMACEUTICALS, INC.
1000 Mylan Blvd.
Canonsburg, PA 15317