# Exhibit B

ELECTRONICALLY FILED
7/31/2020 10:23 AM
46-CV-2020-900113.00
CIRCUIT COURT OF
MACON COUNTY, ALABAMA
DAVID LOVE, JR., CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev. 9/18 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case<br>46<br><br>Date of Filing:   Judge Code:<br>07/31/2020 |

## GENERAL INFORMATION

**IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA**
**MARANDA LANGFORD v. MYLAN PHARMACEUTICALS, INC.**

**First Plaintiff:** ☐ Business  ☑ Individual    **First Defendant:** ☑ Business  ☐ Individual
☐ Government  ☐ Other             ☐ Government  ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
☐ WDEA - Wrongful Death
☐ TONG - Negligence: General
☐ TOMV - Negligence: Motor Vehicle
☐ TOWA - Wantonness
☑ TOPL - Product Liability/AEMLD
☐ TOMM - Malpractice-Medical
☐ TOLM - Malpractice-Legal
☐ TOOM - Malpractice-Other
☐ TBFM - Fraud/Bad Faith/Misrepresentation
☐ TOXX - Other:_____

**TORTS: PERSONAL INJURY**
☐ TOPE - Personal Property
☐ TORE - Real Properly

**OTHER CIVIL FILINGS**
☐ ABAN - Abandoned Automobile
☐ ACCT - Account & Nonmortgage
☐ APAA - Administrative Agency Appeal
☐ ADPA - Administrative Procedure Act
☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS  (cont'd)**
☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/
   Enforcement of Agency Subpoena/Petition to Preserve
☐ CVRT - Civil Rights
☐ COND - Condemnation/Eminent Domain/Right-of-Way
☐ CTMP - Contempt of Court
☐ CONT - Contract/Ejectment/Writ of Seizure
☐ TOCN - Conversion
☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/
   Injunction Election Contest/Quiet Title/Sale For Division
☐ CVUD - Eviction Appeal/Unlawful Detainer
☐ FORJ - Foreign Judgment
☐ FORF - Fruits of Crime Forfeiture
☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
☐ PFAB - Protection From Abuse
☐ EPFA - Elder Protection From Abuse
☐ FELA - Railroad/Seaman (FELA)
☐ RPRO - Real Property
☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
☐ COMP - Workers' Compensation
☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:**  F ☑ INITIAL FILING      A ☐ APPEAL FROM      O ☐ OTHER
                                      DISTRICT COURT

         R ☐ REMANDED              T ☐ TRANSFERRED FROM
                                      OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES  ☐ NO    **Note:** Checking "Yes" does not constitute a demand for a
                                                 jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:**    ☑ MONETARY AWARD REQUESTED  ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**
   BRO212              7/31/2020 10:23:24 AM        /s/ GERALD C. BROOKS JR.
                       _____             _____
                            Date                   Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:**      ☐ YES ☑ NO  ☐ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:**    ☐ YES ☑ NO

ELECTRONICALLY FILED
7/31/2020 10:23 AM
46-CV-2020-900113.00
CIRCUIT COURT OF
MACON COUNTY, ALABAMA
DAVID LOVE, JR., CLERK

## IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

| | |
|---|---|
| MARANDA LANGFORD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    Case No.: _____ |
| | ) |
| MYLAN PHARMACEUTICALS, INC., | )    JURY TRIAL DEMANDED |
| and FICTITIOUS DEFENDANTS 1 – 7, | ) |
| | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

## COMPLAINT

## THE PARTIES, JURISDICATION, AND VENUE

1.      Plaintiff Maranda Langford ("Plaintiff") is a Macon County, Alabama resident and is an individual above the age of nineteen years.

2.      Defendant Mylan Pharmaceuticals, Inc. ("Mylan") was, at all relevant times, a company doing business in the County of Macon, State of Alabama.

3.       Fictitious Defendant No. 1, whether singular or plural is that individual(s) that stocked manufactured the drug consumed by Plaintiff.

4.      Fictitious Defendant No. 2, whether singular or plural, is that entity who or which marketed the drug ingested by Plaintiff.

5.       Fictitious Defendant No. 3, whether singular or plural, is that entity who or which sold the drug ingested by Plaintiff.

6.      Fictitious Defendant No. 4, whether singular or plural, is that entity who or which caused the drug ingested by Plaintiff to be contaminated.

7.      Fictitious Defendant No. 5, whether singular or plural, is that entity who or which had any role in the distributive chain regarding the drug ingested by Plaintiff.

8.      Fictitious Defendant No. 6, whether singular or plural, is that entity or those entities who or which, designed, manufactured, or distributed component parts of the drug ingested by Plaintiff.

9.      Fictitious Defendant No. 7, whether singular or plural, is that entity or those entities, that individual or those individuals, other than those described above whose negligence, intentional conduct, willfulness, breach of conduct, wantonness, or other wrongful conduct contributed to cause the occurrence made the basis of Plaintiff's Complaint.

10.      Plaintiff is currently ignorant of the true names and capacities, whether individual, corporate, associate, or otherwise, of the defendants sued herein under the fictitious names 1 – 7, inclusive, and therefore sue such defendants by such fictitious names.  Plaintiff will seek leave to amend this complaint to allege the true names and capacities of said fictitiously named defendants when their true names and capacities have been ascertained.  Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants is legally responsible in some manner for the events and occurrences alleged herein, and for the damages sustained by Plaintiff.

11.      Mylan and Defendants 1 – 7 are hereinafter collectively referred to as Defendants.

12.      At all times relevant herein, Defendants manufactured, promoted, distributed, and/or sold for profit in Alabama a prescription drug in tablet form known as Valsartan/Hydrochlorothiazide (HCTZ) or Valsartan (collectively "the drug) in various dosages. Defendants promoted, distributed, and sold Valsartan as a hypertension reducing drug.

13.     At all times relevant in this Complaint, defendants manufactured, promoted, distributed, and sold for profit Valsartan through interstate commerce, including in Macon County, Alabama.

## STATEMENT OF FACTS

14.     Plaintiff adopts and incorporates by reference all allegations of all proceeding paragraphs herein.

15.     The drug is an angiotensin-II-receptor antagonist used to treat hypertension (high blood pressure), recent heart attack, and heart failure.

16.     Plaintiff ingested the drug as prescribed by her physician.

17.     Defendants knowingly, recklessly, or negligently manufactured the drug with impurities, including but not limited to, a substance known as N-nitrosodimethylamine.

18.     Defendants concealed the defective condition of the drug from Plaintiff and otherwise suppressed the dangerous nature of the medication. Plaintiff only recently learned of Defendants' wrongdoing.

19.     As a result of the actions and inactions of Defendants, Plaintiff sustained injury.

## COUNT I – ALABAMA EXTENDED MANUFACTURER'S LIABILITY DOCTRINE

20.     Plaintiff adopts and incorporates by reference all of the allegations of preceding paragraphs of this Complaint as if the same were set out fully herein.

21.     At all times relevant hereto, the Defendants were engaged in the business of selling, distributing, manufacturing, using, marketing and/or promoting the drug containing hazardous and dangerous materials, chemicals, and/or products which were unreasonably dangerous and, therefore, defective.

22.     At all times relevant hereto, Defendants sold, distributed, manufactured, used, promoted, and/or marketed the drug containing hazardous and dangerous materials and/or products that were expected to reach, and did reach consumers, including the Plaintiff, without substantial change in the condition of when the hazardous and dangerous materials and/or products left the possession of Defendants.

23.     The drug was not reasonably safe in its manufacture, which made it not reasonably safe for its intended or reasonably foreseeable uses.

24.     At all relevant times, defendants were aware that using the drug could cause physical injury.

25.     Defendants possessed superior knowledge of the defective nature of the drug. Plaintiff had no reason to know of the defective condition of the drug.

26.     At all times relevant hereto, there existed safer alternative materials, products and/or manufacturing processes other than those used by Defendants.

27.     It would have been feasible to manufacture the drug in a way that would have eliminated or substantially diminished the risk of physical injury, i.e., not contaminating the drug.

28.     A reasonable person who knew of the drug's potential for causing injury would have concluded that the product, which was not reasonably safe for use in its intended or reasonably foreseeable purposes because it was manufactured with a cancer-causing agent, should not have been marketed in that condition.

29.     Defendants knew or otherwise expected that the drug would reach the ultimate user, including Plaintiff, without substantial change from, or alteration of, the condition in which it was originally manufactured and sold.

30.     As a proximate and foreseeable result of Defendants' conduct, Plaintiff sustained

injury.

    31.      By reason of the foregoing, Defendants are liable to Plaintiff.

    **WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully demands a judgment against the Defendants, jointly and severally, for damages in the amount to be assessed by a jury under the provisions of the laws of this State, together with interest, cost, and such other or further relief to which Plaintiff may be entitled.

    Respectfully Submitted,

    *s/ Gerald C. Brooks*
    Gerald C. Brooks (BRO212)
    Christopher D. Baldwin (BAL065)
    Tiffany Tolliver (TOL014)
    Attorneys for Plaintiff

OF COUNSEL:
Serious Injury Law Group
P.O. Box 361256
Birmingham, AL 35236
Telephone:  (205) 206-7070
Facsimile:  (205) 206-7071
Email:  gerald@seriouslawyers.com
       chris@seriouslawyers.com
       tiffany@seriouslawyers.com

**<u>PLEASE SERVE DEFENDANTS VIA CERTIFIED MAIL:</u>**

MYLAN PHARMACEUTICALS, INC.
1000 Mylan Blvd.
Canonsburg, PA 15317



AlaFile E-Notice

46-CV-2020-900113.00

To:  GERALD C. BROOKS JR.
     gerald@seriouslawyers.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

MARANDA LANGFORD V. MYLAN PHARMACEUTICALS, INC.
46-CV-2020-900113.00

The following complaint was FILED on 7/31/2020 10:25:01 AM

Notice Date:     7/31/2020 10:25:01 AM

DAVID LOVE, JR.
CIRCUIT COURT CLERK
MACON COUNTY, ALABAMA
101 EAST NORTHSIDE STREET
TUSKEGEE, AL, 36083

334-724-2614
david.love@alacourt.gov



AlaFile E-Notice

46-CV-2020-900113.00

To:  MYLAN PHARMACEUTICALS, INC.
     1000 MYLAN BLVD.
     CANONSBURG, PA, 15317

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

MARANDA LANGFORD V. MYLAN PHARMACEUTICALS, INC.
46-CV-2020-900113.00

The following complaint was FILED on 7/31/2020 10:25:01 AM

Notice Date:     7/31/2020 10:25:01 AM

DAVID LOVE, JR.
CIRCUIT COURT CLERK
MACON COUNTY, ALABAMA
101 EAST NORTHSIDE STREET
TUSKEGEE, AL, 36083

334-724-2614
david.love@alacourt.gov

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>46-CV-2020-900113.00 |
|---|---|---|

## IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA
### MARANDA LANGFORD V. MYLAN PHARMACEUTICALS, INC.

**NOTICE TO:** MYLAN PHARMACEUTICALS, INC., 1000 MYLAN BLVD., CANONSBURG, PA 15317
_____
*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), GERALD C. BROOKS JR.
_____,
*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: P.O. Box 610686, Birmingham, AL 35261
_____.
*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of MARANDA LANGFORD
pursuant to the Alabama Rules of the Civil Procedure.                                        *[Name(s)]*

| 07/31/2020 | /s/ DAVID LOVE, JR. | By: _____ |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.          /s/ GERALD C. BROOKS JR.
_____
*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____.
*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____
_____ in _____ County,
*(Name of Person Served)*                                  *(Name of County)*

Alabama on _____.
*(Date)*

_____   _____   _____
*(Type of Process Server)*         *(Server's Signature)*              *(Address of Server)*

_____   _____
                                           *(Server's Printed Name)*          *(Phone Number of Server)*

# U.S. Postal Service™
# CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com*®.

OFFICIAL USE

Certified Mail Fee

$

Extra Services & Fees *(check box, add fee as appropriate)*

☐ Return Receipt (hardcopy)   $ _____

☐ Return Receipt (electronic)   $ _____

☐ Certified Mail Restricted Delivery   $ _____

☐ Adult Signature Required   $ _____

☐ Adult Signature Restricted Delivery   $ _____

Postmark
Here

Postage

$

Total Postage and Fees

$

CV-2020-900013

Sent To *Mylan Pharmaceuticals, Inc*

Street and Apt. No., or PO Box No. *1000 Mylan Blvd*

City, State, ZIP+4® *Canonsburg, PA 15317*

7019 2280 0000 2798 0212

PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instructions

# Certified Mail service provides the following benefits:

- A receipt (this portion of the Certified Mail label).

- A unique identifier for your mailpiece.

- Electronic verification of delivery or attempted delivery.

- A record of delivery (including the recipient's signature) that is retained by the Postal Service™ for a specified period.

## Important Reminders:

- You may purchase Certified Mail service with First-Class Mail®, First-Class Package Service®, or Priority Mail® service.

- Certified Mail service is *not* available for international mail.

- Insurance coverage is *not* available for purchase with Certified Mail service. However, the purchase of Certified Mail service does not change the insurance coverage automatically included with certain Priority Mail items.

- For an additional fee, and with a proper endorsement on the mailpiece, you may request the following services:

  - Return receipt service, which provides a record of delivery (including the recipient's signature). You can request a hardcopy return receipt or an electronic version. For a hardcopy return receipt, complete PS Form 3811, *Domestic Return Receipt*; attach PS Form 3811 to your mailpiece;

for an electronic return receipt, see a retail associate for assistance. To receive a duplicate return receipt for no additional fee, present this USPS®-postmarked Certified Mail receipt to the retail associate.

  - Restricted delivery service, which provides delivery to the addressee specified by name, or to the addressee's authorized agent.

  - Adult signature service, which requires the signee to be at least 21 years of age (not available at retail).

  - Adult signature restricted delivery service, which requires the signee to be at least 21 years of age and provides delivery to the addressee specified by name, or to the addressee's authorized agent (not available at retail).

- To ensure that your Certified Mail receipt is accepted as legal proof of mailing, it should bear a USPS postmark. If you would like a postmark on this Certified Mail receipt, please present your Certified Mail item at a Post Office™ for postmarking. If you don't need a postmark on this Certified Mail receipt, detach the barcoded portion of this label, affix it to the mailpiece, apply appropriate postage, and deposit the mailpiece.

**IMPORTANT: Save this receipt for your records.**

PS Form **3800**, April 2015 *(Reverse)* PSN 7530-02-000-9047

## SENDER: *COMPLETE THIS SECTION*

■ Complete items 1, 2, and 3.

■ Print your name and address on the reverse
  so that we can return the card to you.

■ Attach this card to the back of the mailpiece,
  or on the front if space permits.

1. Article Addressed to:

MYLAN PHARMACEUTICALS, INC.

1000 MYLAN BLVD.

CANONSBURG, PA 15317

9590 9402 5045 9092 6469 56

## COMPLETE THIS SECTION ON DELIVERY

A. Signature

X **RECEIVED   AUG 1 0 2020**     ☐ Agent
                                  ☐ Addressee

| B. Received by (Printed Name) | C. Date of Delivery |
|---|---|

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:          ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ _____ Mail
☐ _____ Mail Restricted Delivery
     _____

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

2. Article Number *(Transfer from service label)*



7019 2280 0000 2798 0212

PS Form 3811, July 2015 PSN 7530-02-000-9053                    Domestic Return Receipt

## USPS TRACKING #

9590 9402 5045 9092 6469 56

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

**United States Postal Service**

* Sender: Please print your name, address, and ZIP+4® in this box*

David R. Love, Jr.
Macon County Circuit Clerk
P.O. BOx 830723
Tuskegee, AL 36083

CV-2020-900113 Summons



AlaFile E-Notice

46-CV-2020-900113.00

Judge: WILLIAM I. WHORTON

To:  BROOKS GERALD CLARK
gerald@seriouslawyers.com

---

# NOTICE OF SERVICE

---

IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

MARANDA LANGFORD V. MYLAN PHARMACEUTICALS, INC.
46-CV-2020-900113.00

The following matter was served on 8/10/2020

**D001 MYLAN PHARMACEUTICALS, INC.**

**Corresponding To**

CERTIFIED MAIL

DAVID LOVE, JR.
CIRCUIT COURT CLERK
MACON COUNTY, ALABAMA
101 EAST NORTHSIDE STREET
TUSKEGEE, AL, 36083

334-724-2614
david.love@alacourt.gov

**AlaFile E-Notice**

46-CV-2020-900113.00

Judge: WILLIAM I. WHORTON

To:   BALDWIN CHRISTOPHER DANIE
Chris@SeriousLawyers.com

---

# NOTICE OF SERVICE

---

IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

MARANDA LANGFORD V. MYLAN PHARMACEUTICALS, INC.
46-CV-2020-900113.00

The following matter was served on 8/10/2020

**D001 MYLAN PHARMACEUTICALS, INC.**

**Corresponding To**

CERTIFIED MAIL

DAVID LOVE, JR.
CIRCUIT COURT CLERK
MACON COUNTY, ALABAMA
101 EAST NORTHSIDE STREET
TUSKEGEE, AL, 36083

334-724-2614
david.love@alacourt.gov



AlaFile E-Notice

46-CV-2020-900113.00

Judge: WILLIAM I. WHORTON

To:  TOLLIVER TIFFANY
tiffany@seriouslawyers.com

---

# NOTICE OF SERVICE

---

IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

MARANDA LANGFORD V. MYLAN PHARMACEUTICALS, INC.
46-CV-2020-900113.00

The following matter was served on 8/10/2020

**D001 MYLAN PHARMACEUTICALS, INC.**
**Corresponding To**
CERTIFIED MAIL

DAVID LOVE, JR.
CIRCUIT COURT CLERK
MACON COUNTY, ALABAMA
101 EAST NORTHSIDE STREET
TUSKEGEE, AL, 36083

334-724-2614
david.love@alacourt.gov

ELECTRONICALLY FILED
10/22/2020 11:05 AM
46-CV-2020-900113.00
CIRCUIT COURT OF
MACON COUNTY, ALABAMA
DAVID LOVE, JR., CLERK

# STATE OF ALABAMA

**Unified Judicial System**

46-MACON

Revised 3/5/08

Cas

☐ District Court   ☑ Circuit Court

CV2

MARANDA LANGFORD V. MYLAN
PHARMACEUTICALS, INC.

## CIVIL MOTION COVER SHEET

*Name of Filing Party:* C001 - LANGFORD MARANDA

*Name, Address, and Telephone No. of Attorney or Party. If Not Represented.*

GERALD C. BROOKS JR.

P.O. Box 610686

Birmingham, AL 35261

*Attorney Bar No.:* BRO212

☐ Oral Arguments Requested

## TYPE OF MOTION

| Motions Requiring Fee | Motions Not Requiring Fee |
|---|---|
| ☑ Default Judgment ($50.00) | ☐ Add Party |
| ☐ Joinder in Other Party's Dispositive Motion (i.e.Summary Judgment, Judgment on the Pleadings, orother Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Amend |
| | ☐ Change of Venue/Transfer |
| ☐ Judgment on the Pleadings ($50.00) | ☐ Compel |
| | ☐ Consolidation |
| ☐ Motion to Dismiss, or in the Alternative SummaryJudgment($50.00) | ☐ Continue |
| | ☐ Deposition |
| ☐ Renewed Dispositive Motion(Summary Judgment,Judgment on the Pleadings, or other DispositiveMotion not pursuant to Rule 12(b)) ($50.00) | ☐ Designate a Mediator |
| | ☐ Judgment as a Matter of Law (during Trial) |
| ☐ Summary Judgment pursuant to Rule 56($50.00) | ☐ Disburse Funds |
| ☐ Motion to Intervene ($297.00) | ☐ Extension of Time |
| ☐ Other _____ | ☐ In Limine |
| pursuant to Rule _____ ($50.00) | ☐ Joinder |
| | ☐ More Definite Statement |
| *Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees. | ☐ Motion to Dismiss pursuant to Rule 12(b) |
| | ☐ New Trial |
| | ☐ Objection of Exemptions Claimed |
| ☐ Local Court Costs $  0 | ☐ Pendente Lite |
| | ☐ Plaintiff's Motion to Dismiss |
| | ☐ Preliminary Injunction |
| | ☐ Protective Order |
| | ☐ Quash |
| | ☐ Release from Stay of Execution |
| | ☐ Sanctions |
| | ☐ Sever |
| | ☐ Special Practice in Alabama |
| | ☐ Stay |
| | ☐ Strike |
| | ☐ Supplement to Pending Motion |
| | ☐ Vacate or Modify |
| | ☐ Withdraw |
| | ☐ Other _____ |
| | pursuant to Rule _____ (Subject to Filing Fee) |

| Check here if you have filed  or are filing contemoraneously with this motion an Affidavit of Substantial Hardship or if you are filing on behalf of an agency or department of the State, county, or municipal government. (Pursuant to §6-5-1 Code of Alabama (1975), governmental entities are exempt from prepayment of filing fees) ☐ | Date:<br>10/22/2020 11:03:29 AM | Signature of Attorney or Party<br>/s/ GERALD C. BROOKS JR. |

*This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.

**Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee.

ELECTRONICALLY FILED
10/22/2020 11:05 AM
46-CV-2020-900113.00
CIRCUIT COURT OF
MACON COUNTY, ALABAMA
DAVID LOVE, JR., CLERK

## IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

| | |
|---|---|
| **MARANDA LANGFORD,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )   **Case No.:  46-CV-2020-900113.00** |
| | ) |
| **MYLAN PHARMACEUTICALS, INC.,** | ) |
| and **FICTITIOUS DEFENDANTS 1–7,** | )   **JURY TRIAL DEMANDED** |
| | ) |
| **Defendants.** | ) |

## <u>MOTION FOR ENTRY OF DEFAULT</u>

**COMES NOW** Plaintiff, Maranda Langford, and hereby respectively requests an Order entering default against Defendant, Mylan Pharmaceuticals, Inc. Defendant was served with a Summons and a copy of Plaintiff's Complaint on August 10, 2020. (See Exhibit A, Notice of Service).  More than thirty (30) days have elapsed since Defendant was served with a Summons and a copy of Plaintiff's Complaint. Defendant has failed to answer and/or otherwise defend against Plaintiff's Complaint. Defendant is not in the military service, not an infant, nor an incompetent person. Additionally, there has been no violation of the provisions of Ala. Code 1975, Chapter 19, Title 5. This Motion is filed in accordance with Rule ARCP 55(a), for the purpose of enabling Plaintiff to obtain an entry of default against Defendant for Defendant's failure to answer and/or otherwise defend against Plaintiff's Complaint. Pursuant to ARCP Rule 55(a), Plaintiff respectively requests an Order entering default.

Respectfully Submitted,

<u>s/ Gerald C. Brooks</u>
Gerald C. Brooks (BRO212)
Christopher D. Baldwin (BAL065)
Tiffany Tolliver (TOL014)
Attorneys for Plaintiff

**OF COUNSEL:**

Gerald C. Brooks, Esq.
Tiffany L. Tolliver, Esq.
SERIOUS INJURY LAW GROUP, PC
9617 Parkway East
Birmingham, AL 35215
Phone: (205) 206-7070
Fax: (205) 206-7071
gerald@seriouslawyers.com
tiffany@seriouslawyers.com

Christopher D. Baldwin, Esq.
SERIOUS INJURY LAW GROUP, PC
418 Scott Street
Montgomery, AL 36104
Phone: (334) 231-5751
Fax: (205) 206-7071
chris@seriouslawyers.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this  22nd  day of October, 2020 served a copy of the foregoing pleading via US Regular and Certified Mail, postage prepaid and properly addressed, to Defendant at the following:

Mylan Pharmaceuticals, Inc.
1000 Mylan Boulevard
Canonsburg, PA 15317


*/s/ Gerald C. Brooks*
OF COUNSEL

AlaFile E-Notice

ELECTRONICALLY FILED
10/22/2020 11:05 AM
46-CV-2020-900113.00
CIRCUIT COURT OF
MACON COUNTY, ALABAMA
DAVID LOVE, JR., CLERK

46-CV-2020-900113.00

Judge: WILLIAM I. WHORTON

To:  BROOKS GERALD CLARK
      gerald@seriouslawyers.com

---

# NOTICE OF SERVICE

---

IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

MARANDA LANGFORD V. MYLAN PHARMACEUTICALS, INC.
46-CV-2020-900113.00

The following matter was served on 8/10/2020

D001 MYLAN PHARMACEUTICALS, INC.
Corresponding To
CERTIFIED MAIL

DAVID LOVE, JR.
CIRCUIT COURT CLERK
MACON COUNTY, ALABAMA
101 EAST NORTHSIDE STREET
TUSKEGEE, AL, 36083

334-724-2614
david.love@alacourt.gov

AlaFile E-Notice

46-CV-2020-900113.00

Judge: WILLIAM I. WHORTON

To:  GERALD C. BROOKS JR.
gerald@seriouslawyers.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

MARANDA LANGFORD V. MYLAN PHARMACEUTICALS, INC.
46-CV-2020-900113.00

The following matter was FILED on 10/22/2020 11:05:29 AM

C001 LANGFORD MARANDA

MOTION FOR DEFAULT JUDGMENT

[Filer: BROOKS GERALD CLARK]

Notice Date:     10/22/2020 11:05:29 AM

DAVID LOVE, JR.
CIRCUIT COURT CLERK
MACON COUNTY, ALABAMA
101 EAST NORTHSIDE STREET
TUSKEGEE, AL, 36083

334-724-2614
david.love@alacourt.gov

AlaFile E-Notice

46-CV-2020-900113.00

Judge: WILLIAM I. WHORTON

To:  MYLAN PHARMACEUTICALS, INC. (PRO SE)
1000 MYLAN BLVD.
CANONSBURG, PA, 15317-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

MARANDA LANGFORD V. MYLAN PHARMACEUTICALS, INC.
46-CV-2020-900113.00

The following matter was FILED on 10/22/2020 11:05:29 AM

C001 LANGFORD MARANDA

MOTION FOR DEFAULT JUDGMENT

[Filer: BROOKS GERALD CLARK]

Notice Date:      10/22/2020 11:05:29 AM

DAVID LOVE, JR.
CIRCUIT COURT CLERK
MACON COUNTY, ALABAMA
101 EAST NORTHSIDE STREET
TUSKEGEE, AL, 36083

334-724-2614
david.love@alacourt.gov



AlaFile E-Notice

46-CV-2020-900113.00

Judge: WILLIAM I. WHORTON

To:  BALDWIN CHRISTOPHER DANIE
     Chris@SeriousLawyers.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

MARANDA LANGFORD V. MYLAN PHARMACEUTICALS, INC.
46-CV-2020-900113.00

The following matter was FILED on 10/22/2020 11:05:29 AM

C001 LANGFORD MARANDA

MOTION FOR DEFAULT JUDGMENT

[Filer: BROOKS GERALD CLARK]

Notice Date:     10/22/2020 11:05:29 AM

DAVID LOVE, JR.
CIRCUIT COURT CLERK
MACON COUNTY, ALABAMA
101 EAST NORTHSIDE STREET
TUSKEGEE, AL, 36083

334-724-2614
david.love@alacourt.gov

AlaFile E-Notice

46-CV-2020-900113.00

Judge: WILLIAM I. WHORTON

To:  TOLLIVER TIFFANY
tiffany@seriouslawyers.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

MARANDA LANGFORD V. MYLAN PHARMACEUTICALS, INC.
46-CV-2020-900113.00

The following matter was FILED on 10/22/2020 11:05:29 AM

C001 LANGFORD MARANDA

MOTION FOR DEFAULT JUDGMENT

[Filer: BROOKS GERALD CLARK]

Notice Date:     10/22/2020 11:05:29 AM

DAVID LOVE, JR.
CIRCUIT COURT CLERK
MACON COUNTY, ALABAMA
101 EAST NORTHSIDE STREET
TUSKEGEE, AL, 36083

334-724-2614
david.love@alacourt.gov

ELECTRONICALLY FILED
10/26/2020 10:12 AM
46-CV-2020-900113.00
CIRCUIT COURT OF
MACON COUNTY, ALABAMA
DAVID LOVE, JR., CLERK

## IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

| | | |
|---|---|---|
| LANGFORD MARANDA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) Case No.: | CV-2020-900113.00 |
| | ) | |
| MYLAN PHARMACEUTICALS, INC., | ) | |
| Defendant. | ) | |

## ORDER

MOTION FOR DEFAULT JUDGMENT filed by LANGFORD MARANDA is hereby scheduled for hearing before this Court on **November 20, 2020, at 9:00 am.**


**DONE this 26th day of October, 2020.**


**/s/ WILLIAM I. WHORTON**
**CIRCUIT JUDGE**



AlaFile E-Notice

46-CV-2020-900113.00

Judge: WILLIAM I. WHORTON

To:   BROOKS GERALD CLARK
       gerald@seriouslawyers.com

# NOTICE OF COURT ACTION

IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

MARANDA LANGFORD V. MYLAN PHARMACEUTICALS, INC.
46-CV-2020-900113.00

A court action was entered in the above case on 10/26/2020 10:14:52 AM

ORDER

[Filer: ]

Disposition:       OTHER
Judge:              WIW

Notice Date:       10/26/2020 10:14:52 AM

DAVID LOVE, JR.
CIRCUIT COURT CLERK
MACON COUNTY, ALABAMA
101 EAST NORTHSIDE STREET
TUSKEGEE, AL, 36083

334-724-2614
david.love@alacourt.gov



AlaFile E-Notice

46-CV-2020-900113.00

Judge: WILLIAM I. WHORTON

To: BALDWIN CHRISTOPHER DANIE
Chris@SeriousLawyers.com

---

# NOTICE OF COURT ACTION

---

IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

MARANDA LANGFORD V. MYLAN PHARMACEUTICALS, INC.
46-CV-2020-900113.00

A court action was entered in the above case on 10/26/2020 10:14:52 AM

ORDER

[Filer: ]

Disposition:     OTHER
Judge:           WIW

Notice Date:     10/26/2020 10:14:52 AM

DAVID LOVE, JR.
CIRCUIT COURT CLERK
MACON COUNTY, ALABAMA
101 EAST NORTHSIDE STREET
TUSKEGEE, AL, 36083

334-724-2614
david.love@alacourt.gov



AlaFile E-Notice

46-CV-2020-900113.00

Judge: WILLIAM I. WHORTON

To:  TOLLIVER TIFFANY
tiffany@seriouslawyers.com

---

# NOTICE OF COURT ACTION

---

IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

MARANDA LANGFORD V. MYLAN PHARMACEUTICALS, INC.
46-CV-2020-900113.00

A court action was entered in the above case on 10/26/2020 10:14:52 AM

ORDER

[Filer: ]

Disposition:      OTHER
Judge:            WIW

Notice Date:      10/26/2020 10:14:52 AM

DAVID LOVE, JR.
CIRCUIT COURT CLERK
MACON COUNTY, ALABAMA
101 EAST NORTHSIDE STREET
TUSKEGEE, AL, 36083

334-724-2614
david.love@alacourt.gov



AlaFile E-Notice

46-CV-2020-900113.00

Judge: WILLIAM I. WHORTON

To:  MYLAN PHARMACEUTICALS, INC. (PRO SE)
     1000 MYLAN BLVD.
     CANONSBURG, PA, 15317-0000

---

# NOTICE OF COURT ACTION

---

IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

MARANDA LANGFORD V. MYLAN PHARMACEUTICALS, INC.
46-CV-2020-900113.00

A court action was entered in the above case on 10/26/2020 10:14:52 AM

ORDER

[Filer: ]

Disposition:    OTHER
Judge:          WIW

Notice Date:    10/26/2020 10:14:52 AM

DAVID LOVE, JR.
CIRCUIT COURT CLERK
MACON COUNTY, ALABAMA
101 EAST NORTHSIDE STREET
TUSKEGEE, AL, 36083

334-724-2614
david.love@alacourt.gov

## IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

| | | |
|---|---|---|
| LANGFORD MARANDA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | Case No.:   CV-2020-900113.00 |
| | ) | |
| MYLAN PHARMACEUTICALS, INC., | ) | |
| Defendant. | ) | |

## ORDER GRANTING DEFAULT JUDGMENT AGAINST DEFENDANT MYLAN PHARMACEUTICALS, INC.

Plaintiff filed this action on July 31, 2020. Defendant Mylan Pharmaceuticals, Inc. was duly served with the Summons and Complaint on August 10, 2020. Defendant Mylan Pharmaceuticals, Inc. has failed to plead, answer, or otherwise defend within the time allowed under Alabama law.  Additionally, on November 20, 2020 a hearing was held before this Court on Plaintiff's Motion for Default Judgment. Mylan Pharmaceuticals, Inc., nor its attorney(s) or representative(s), appeared on November 20, 2020 to plead or otherwise defend Plaintiff's Motion.

Upon consideration of the testimony and evidence presented by Plaintiff, Plaintiff's Motion for Default Judgment against Defendant Mylan Pharmaceuticals, Inc. is hereby **GRANTED**, and it is **ORDERED** and **ADJUDGED** that Plaintiff recover from Defendant Mylan Pharmaceuticals, Inc. a sum to be determined by this Court, plus all costs of this action.

**DONE this[To be filled by the Judge].**

/s/[To be filled by the Judge]
_____
**CIRCUIT JUDGE**

PROPOSED ORDER



AlaFile E-Notice

46-CV-2020-900113.00

Judge: WILLIAM I. WHORTON

To:  GERALD C. BROOKS JR.
gerald@seriouslawyers.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

MARANDA LANGFORD V. MYLAN PHARMACEUTICALS, INC.
46-CV-2020-900113.00

The following matter was FILED on 12/3/2020 10:25:29 AM

[Filer: ]

Notice Date:     12/3/2020 10:25:29 AM

DAVID LOVE, JR.
CIRCUIT COURT CLERK
MACON COUNTY, ALABAMA
101 EAST NORTHSIDE STREET
TUSKEGEE, AL, 36083

334-724-2614
david.love@alacourt.gov



AlaFile E-Notice

46-CV-2020-900113.00

Judge: WILLIAM I. WHORTON

To:  MYLAN PHARMACEUTICALS, INC. (PRO SE)
1000 MYLAN BLVD.
CANONSBURG, PA, 15317-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

MARANDA LANGFORD V. MYLAN PHARMACEUTICALS, INC.
46-CV-2020-900113.00

The following matter was FILED on 12/3/2020 10:25:29 AM

[Filer: ]

Notice Date:     12/3/2020 10:25:29 AM

DAVID LOVE, JR.
CIRCUIT COURT CLERK
MACON COUNTY, ALABAMA
101 EAST NORTHSIDE STREET
TUSKEGEE, AL, 36083

334-724-2614
david.love@alacourt.gov



AlaFile E-Notice

46-CV-2020-900113.00

Judge: WILLIAM I. WHORTON

To:   BALDWIN CHRISTOPHER DANIE
      Chris@SeriousLawyers.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

MARANDA LANGFORD V. MYLAN PHARMACEUTICALS, INC.
46-CV-2020-900113.00

The following matter was FILED on 12/3/2020 10:25:29 AM

[Filer: ]

Notice Date:     12/3/2020 10:25:29 AM

DAVID LOVE, JR.
CIRCUIT COURT CLERK
MACON COUNTY, ALABAMA
101 EAST NORTHSIDE STREET
TUSKEGEE, AL, 36083

334-724-2614
david.love@alacourt.gov

AlaFile E-Notice

46-CV-2020-900113.00

Judge: WILLIAM I. WHORTON

To:  TOLLIVER TIFFANY
tiffany@seriouslawyers.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

MARANDA LANGFORD V. MYLAN PHARMACEUTICALS, INC.
46-CV-2020-900113.00

The following matter was FILED on 12/3/2020 10:25:29 AM

[Filer: ]

Notice Date:     12/3/2020 10:25:29 AM

DAVID LOVE, JR.
CIRCUIT COURT CLERK
MACON COUNTY, ALABAMA
101 EAST NORTHSIDE STREET
TUSKEGEE, AL, 36083

334-724-2614
david.love@alacourt.gov

ELECTRONICALLY FILED
12/8/2020 12:35 PM
46-CV-2020-900113.00
CIRCUIT COURT OF
MACON COUNTY, ALABAMA
DAVID LOVE, JR., CLERK

## IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

LANGFORD MARANDA,                   )
Plaintiff,                          )
                                    )
V.                                  )   Case No.:        CV-2020-900113.00
                                    )
MYLAN PHARMACEUTICALS, INC.,        )
Defendant.                          )

## ORDER GRANTING DEFAULT JUDGMENT AGAINST DEFENDANT MYLAN PHARMACEUTICALS, INC.

Plaintiff filed this action on July 31, 2020. Defendant Mylan Pharmaceuticals, Inc. was duly served with the Summons and Complaint on August 10, 2020. Defendant Mylan Pharmaceuticals, Inc. has failed to plead, answer, or otherwise defend within the time allowed under Alabama law. Additionally, on November 20, 2020 a hearing was held before this Court on Plaintiff's Motion for Default Judgment. Mylan Pharmaceuticals, Inc., nor its attorney(s) or representative(s), appeared on November 20, 2020 to plead or otherwise defend Plaintiff's Motion.

Upon consideration of the testimony and evidence presented by Plaintiff, Plaintiff's Motion for Default Judgment against Defendant Mylan Pharmaceuticals, Inc. is hereby **GRANTED**, and it is **ORDERED** and **ADJUDGED** that Plaintiff recover from Defendant Mylan Pharmaceuticals, Inc. a sum to be determined by this Court, plus all costs of this action.

**DONE this 8th day of December, 2020.**

/s/ **STEVEN R PERRYMAN** _____
**CIRCUIT JUDGE**



AlaFile E-Notice

46-CV-2020-900113.00

Judge: WILLIAM I. WHORTON

To: BROOKS GERALD CLARK
gerald@seriouslawyers.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

MARANDA LANGFORD V. MYLAN PHARMACEUTICALS, INC.
46-CV-2020-900113.00

The following matter was FILED on 12/8/2020 12:37:36 PM

Notice Date:     12/8/2020 12:37:36 PM

DAVID LOVE, JR.
CIRCUIT COURT CLERK
MACON COUNTY, ALABAMA
101 EAST NORTHSIDE STREET
TUSKEGEE, AL, 36083

334-724-2614
david.love@alacourt.gov



AlaFile E-Notice

46-CV-2020-900113.00

Judge: WILLIAM I. WHORTON

To:   BALDWIN CHRISTOPHER DANIE
Chris@SeriousLawyers.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

MARANDA LANGFORD V. MYLAN PHARMACEUTICALS, INC.
46-CV-2020-900113.00

The following matter was FILED on 12/8/2020 12:37:36 PM

Notice Date:      12/8/2020 12:37:36 PM

DAVID LOVE, JR.
CIRCUIT COURT CLERK
MACON COUNTY, ALABAMA
101 EAST NORTHSIDE STREET
TUSKEGEE, AL, 36083

334-724-2614
david.love@alacourt.gov



AlaFile E-Notice

46-CV-2020-900113.00

Judge: WILLIAM I. WHORTON

To:   TOLLIVER TIFFANY
tiffany@seriouslawyers.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

MARANDA LANGFORD V. MYLAN PHARMACEUTICALS, INC.
46-CV-2020-900113.00

The following matter was FILED on 12/8/2020 12:37:36 PM

Notice Date:     12/8/2020 12:37:36 PM

DAVID LOVE, JR.
CIRCUIT COURT CLERK
MACON COUNTY, ALABAMA
101 EAST NORTHSIDE STREET
TUSKEGEE, AL, 36083

334-724-2614
david.love@alacourt.gov



AlaFile E-Notice

46-CV-2020-900113.00

Judge: WILLIAM I. WHORTON

To:  MYLAN PHARMACEUTICALS, INC. (PRO SE)
1000 MYLAN BLVD.
CANONSBURG, PA, 15317-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

MARANDA LANGFORD V. MYLAN PHARMACEUTICALS, INC.
46-CV-2020-900113.00

The following matter was FILED on 12/8/2020 12:37:36 PM

Notice Date:      12/8/2020 12:37:36 PM

DAVID LOVE, JR.
CIRCUIT COURT CLERK
MACON COUNTY, ALABAMA
101 EAST NORTHSIDE STREET
TUSKEGEE, AL, 36083

334-724-2614
david.love@alacourt.gov

**STATE OF ALABAMA**

Unified Judicial System

46-MACON

Revised 3/5/08

Cas

ELECTRONICALLY FILED
1/13/2022 11:21 AM
46-CV-2020-900113.00
CIRCUIT COURT OF
MACON COUNTY, ALABAMA
DAVID LOVE, JR., CLERK

☐ District Court   ☑ Circuit Court      CV20

MARANDA LANGFORD V. MYLAN PHARMACEUTICALS, INC.

**CIVIL MOTION COVER SHEET**

*Name of Filing Party:* C001 - LANGFORD MARANDA

*Name, Address, and Telephone No. of Attorney or Party. If Not Represented.*

Tiffany Tolliver

9617 Parkway East

Birmingham, AL 35215

*Attorney Bar No.:* TOL014

☐ Oral Arguments Requested

**TYPE OF MOTION**

| Motions Requiring Fee | Motions Not Requiring Fee |
|---|---|
| ☐ Default Judgment ($50.00) | ☐ Add Party |
| ☐ Joinder in Other Party's Dispositive Motion (i.e.Summary Judgment, Judgment on the Pleadings, orother Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Amend |
| | ☐ Change of Venue/Transfer |
| | ☐ Compel |
| ☐ Judgment on the Pleadings ($50.00) | ☐ Consolidation |
| ☐ Motion to Dismiss, or in the Alternative SummaryJudgment($50.00) | ☐ Continue |
| | ☐ Deposition |
| ☐ Renewed Dispositive Motion(Summary Judgment,Judgment on the Pleadings, or other DispositiveMotion not pursuant to Rule 12(b)) ($50.00) | ☐ Designate a Mediator |
| | ☐ Judgment as a Matter of Law (during Trial) |
| | ☐ Disburse Funds |
| ☐ Summary Judgment pursuant to Rule 56($50.00) | ☐ Extension of Time |
| ☐ Motion to Intervene ($297.00) | ☐ In Limine |
| ☐ Other _____ | ☐ Joinder |
| pursuant to Rule _____ ($50.00) | ☐ More Definite Statement |
| | ☐ Motion to Dismiss pursuant to Rule 12(b) |
| *Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees. | ☐ New Trial |
| | ☐ Objection of Exemptions Claimed |
| ☐ Local Court Costs $   0 | ☐ Pendente Lite |
| | ☐ Plaintiff's Motion to Dismiss |
| | ☐ Preliminary Injunction |
| | ☐ Protective Order |
| | ☐ Quash |
| | ☐ Release from Stay of Execution |
| | ☐ Sanctions |
| | ☐ Sever |
| | ☐ Special Practice in Alabama |
| | ☐ Stay |
| | ☐ Strike |
| | ☐ Supplement to Pending Motion |
| | ☐ Vacate or Modify |
| | ☐ Withdraw |
| | ☑ Other      Motion to Set Damages Hearing |
| | pursuant to Rule  55      (Subject to Filing Fee) |

Check here if you have filed  or are filing contemporaneously with this motion an Affidavit of Substantial Hardship or if you are filing on behalf of an agency or department of the State, county, or municipal government. (Pursuant to §6-5-1 Code of Alabama (1975), governmental entities are exempt from prepayment of filing fees)  ☐

Date:

1/13/2022 11:10:04 AM

Signature of Attorney or Party

/s/ Tiffany Tolliver

*This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.

**Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee.

ELECTRONICALLY FILED
7/13/2022 11:21 AM
46-CV-2020-900113.00
CIRCUIT COURT OF
MACON COUNTY, ALABAMA
DAVID LOVE, JR., CLERK

IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

| | | |
|---|---|---|
| LANGFORD MARANDA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.:  CV-2020-900113.00 |
| | ) | |
| MYLAN | ) | |
| PHARMACEUTICALS, INC., | ) | |
| | ) | |
| Defendant. | | |

## PLAINTIFF'S MOTION TO SET DAMAGES HEARING

**COMES NOW** the Plaintiff, by and through the undersigned, and respectfully request that this Honorable Court set a hearing to establish damages, and as grounds therefore, Plaintiff shows unto the Court the following:

1.  This cause of action was brought under the Alabama Extended Manufacturer's Liability Doctrine involving tainted medication that caused harm to the Plaintiff and was filed on July 31, 2020. (*See* Doc. 1).

2.  On August 10, 2020, Defendant Mylan Pharmaceuticals, Inc. was served. (*See* Doc. 7).

3.  On October 22, 2020, Plaintiff filed a Motion For Entry of Default. (*See* Doc. 9).

4.  On November 20, 2020, this Honorable Court held a hearing on Plaintiff's Motion For Entry of Default , and on December 8, 2020, this Honorable Court granted Plaintiff's Motion. (*See* Doc. 16).

5.  To date, Defendant Mylan Pharmaceuticals, Inc. has yet to Answer Plaintiff's Complaint.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully requests this Honorable Court set a hearing to establish Plaintiff's damages.

Respectfully submitted,

/s/ Tiffany L. Tolliver
Tiffany L. Tolliver (TOL014)
Gerald C. Brooks (BRO212)
Attorneys for Plaintiff

**OF COUNSEL:**
**SERIOUS INJURY LAW GROUP, P.C.**
9617 Parkway East
Birmingham, Alabama 35215
Tel: (205) 206-7070
Fax: (205) 206-7071
Email: gerald@seriouslawyers.com
Email: tiffany@seriouslawyers.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the 13th day of January 2022, I have served the foregoing via CM/ECF and/or U.S. mail, first class, postage paid to all attorneys of record.

## VIA CERTIFIED MAIL:

Mylan Pharmaceuticals, Inc.
1000 Mylan Blvd.
Canonsburg, PA 15317

/s/ Tiffany Tolliver
OF COUNSEL

AlaFile E-Notice

46-CV-2020-900113.00

Judge: WILLIAM I. WHORTON

To:   Tiffany Tolliver
      tiffany@seriouslawyers.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

MARANDA LANGFORD V. MYLAN PHARMACEUTICALS, INC.
46-CV-2020-900113.00

The following matter was FILED on 1/13/2022 11:21:17 AM

C001 LANGFORD MARANDA

MOTION TO SET DAMAGES HEARING

[Filer: TOLLIVER TIFFANY]

Notice Date:     1/13/2022 11:21:17 AM

DAVID LOVE, JR.
CIRCUIT COURT CLERK
MACON COUNTY, ALABAMA
101 EAST NORTHSIDE STREET
TUSKEGEE, AL, 36083

334-724-2614
david.love@alacourt.gov

AlaFile E-Notice

46-CV-2020-900113.00

Judge: WILLIAM I. WHORTON

To:  MYLAN PHARMACEUTICALS, INC. (PRO SE)
     1000 MYLAN BLVD.
     CANONSBURG, PA, 15317-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

MARANDA LANGFORD V. MYLAN PHARMACEUTICALS, INC.
46-CV-2020-900113.00

The following matter was FILED on 1/13/2022 11:21:17 AM

C001 LANGFORD MARANDA

MOTION TO SET DAMAGES HEARING

[Filer: TOLLIVER TIFFANY]

Notice Date:     1/13/2022 11:21:17 AM

DAVID LOVE, JR.
CIRCUIT COURT CLERK
MACON COUNTY, ALABAMA
101 EAST NORTHSIDE STREET
TUSKEGEE, AL, 36083

334-724-2614
david.love@alacourt.gov



AlaFile E-Notice

46-CV-2020-900113.00

Judge: WILLIAM I. WHORTON

To:   BROOKS GERALD CLARK
      gerald@seriouslawyers.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

MARANDA LANGFORD V. MYLAN PHARMACEUTICALS, INC.
46-CV-2020-900113.00

The following matter was FILED on 1/13/2022 11:21:17 AM

C001 LANGFORD MARANDA

MOTION TO SET DAMAGES HEARING

[Filer: TOLLIVER TIFFANY]

Notice Date:     1/13/2022 11:21:17 AM

DAVID LOVE, JR.
CIRCUIT COURT CLERK
MACON COUNTY, ALABAMA
101 EAST NORTHSIDE STREET
TUSKEGEE, AL, 36083

334-724-2614
david.love@alacourt.gov



**AlaFile E-Notice**

46-CV-2020-900113.00

Judge: WILLIAM I. WHORTON

To:   BALDWIN CHRISTOPHER DANIE
      chris@chrisbaldwin.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

MARANDA LANGFORD V. MYLAN PHARMACEUTICALS, INC.
46-CV-2020-900113.00

The following matter was FILED on 1/13/2022 11:21:17 AM

C001 LANGFORD MARANDA
MOTION TO SET DAMAGES HEARING
[Filer: TOLLIVER TIFFANY]

Notice Date:     1/13/2022 11:21:17 AM

DAVID LOVE, JR.
CIRCUIT COURT CLERK
MACON COUNTY, ALABAMA
101 EAST NORTHSIDE STREET
TUSKEGEE, AL, 36083

334-724-2614
david.love@alacourt.gov

ELECTRONICALLY FILED
1/18/2022 8:12 AM
46-CV-2020-900113.00
CIRCUIT COURT OF
MACON COUNTY, ALABAMA
DAVID LOVE, JR., CLERK

# IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

LANGFORD MARANDA,      )
Plaintiff,             )
                       )
V.                     ) Case No.:    CV-2020-900113.00
                       )
MYLAN PHARMACEUTICALS, )
INC.,                  )
Defendant.             )

## ORDER SETTING DAMAGES HEARING

This case is set for a Damages Hearing on March 3, 2022 at 9:00 am ct at the Macon County Courthouse, Tuskegee, Alabama.

**DONE this 18th day of January, 2022.**

/s/ STEVEN R PERRYMAN
**CIRCUIT JUDGE**



AlaFile E-Notice

46-CV-2020-900113.00

Judge: WILLIAM I. WHORTON

To:   BROOKS GERALD CLARK
      gerald@seriouslawyers.com

---

# NOTICE OF COURT ACTION

---

IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

MARANDA LANGFORD V. MYLAN PHARMACEUTICALS, INC.
46-CV-2020-900113.00

A court action was entered in the above case on 1/18/2022 8:12:26 AM

ORDER

[Filer: ]

Disposition:    OTHER
Judge:          SRP

Notice Date:    1/18/2022 8:12:26 AM

DAVID LOVE, JR.
CIRCUIT COURT CLERK
MACON COUNTY, ALABAMA
101 EAST NORTHSIDE STREET
TUSKEGEE, AL, 36083

334-724-2614
david.love@alacourt.gov



AlaFile E-Notice

46-CV-2020-900113.00

Judge: WILLIAM I. WHORTON

To:  BALDWIN CHRISTOPHER DANIE
     chris@chrisbaldwin.com

# NOTICE OF COURT ACTION

IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

MARANDA LANGFORD V. MYLAN PHARMACEUTICALS, INC.
46-CV-2020-900113.00

A court action was entered in the above case on 1/18/2022 8:12:26 AM

ORDER

[Filer: ]

Disposition:    OTHER
Judge:          SRP

Notice Date:    1/18/2022 8:12:26 AM

DAVID LOVE, JR.
CIRCUIT COURT CLERK
MACON COUNTY, ALABAMA
101 EAST NORTHSIDE STREET
TUSKEGEE, AL, 36083

334-724-2614
david.love@alacourt.gov



AlaFile E-Notice

46-CV-2020-900113.00

Judge: WILLIAM I. WHORTON

To: TOLLIVER TIFFANY
tiffany@seriouslawyers.com

# NOTICE OF COURT ACTION

IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

MARANDA LANGFORD V. MYLAN PHARMACEUTICALS, INC.
46-CV-2020-900113.00

A court action was entered in the above case on 1/18/2022 8:12:26 AM

ORDER

[Filer: ]

Disposition:    OTHER
Judge:          SRP

Notice Date:    1/18/2022 8:12:26 AM

DAVID LOVE, JR.
CIRCUIT COURT CLERK
MACON COUNTY, ALABAMA
101 EAST NORTHSIDE STREET
TUSKEGEE, AL, 36083

334-724-2614
david.love@alacourt.gov



AlaFile E-Notice

46-CV-2020-900113.00

Judge: WILLIAM I. WHORTON

To:  MYLAN PHARMACEUTICALS, INC. (PRO SE)
1000 MYLAN BLVD.
CANONSBURG, PA, 15317-0000

---

# NOTICE OF COURT ACTION

---

IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

MARANDA LANGFORD V. MYLAN PHARMACEUTICALS, INC.
46-CV-2020-900113.00

A court action was entered in the above case on 1/18/2022 8:12:26 AM

ORDER

[Filer: ]

Disposition:     OTHER
Judge:           SRP

Notice Date:     1/18/2022 8:12:26 AM

DAVID LOVE, JR.
CIRCUIT COURT CLERK
MACON COUNTY, ALABAMA
101 EAST NORTHSIDE STREET
TUSKEGEE, AL, 36083

334-724-2614
david.love@alacourt.gov

## IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

LANGFORD MARANDA,                         )
Plaintiff,                                )
                                          )
V.                                        )  Case No.:      CV-2020-900113.00
                                          )
MYLAN PHARMACEUTICALS, INC.,              )
Defendant.                                )


### Order on Damages


### <u>ORDER</u>

This action came on the Motion of Plaintiffs for a default judgment pursuant to Rule 55(b)(2) of the Alabama Rules of Civil Procedure.  The Motion was filed after the Defendant, Mylan Pharmaceuticals., Inc., was duly served with the Summons and Complaint, and not being an infant or an unrepresented incompetent person, the Defendant failed to plead or otherwise defend the action. The Defendant's default has been duly entered and the Defendant has not taken any action in the proceedings since such default was entered.

A hearing was held before this Court on March 3, 2022. After the Court's consideration of the testimony presented by the Plaintiff, it is ORDERED and ADJUDGED that the Court hereby finds in favor of the Plaintiff, Maranda Langford, and against the Defendant, Mylan Pharmaceuticals., Inc., and awards damages in the amount of **Seventy-five Thousand and 0/100 Dollars ($75,000.00)**.

**DONE this[To be filled by the Judge].**

<u>**/s/[To be filled by the Judge]**</u>
**CIRCUIT JUDGE**



**AlaFile E-Notice**

46-CV-2020-900113.00

Judge: STEVEN R. PERRYMAN

To: Serious Injury Law Group
cole@seriouslawyers.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

MARANDA LANGFORD V. MYLAN PHARMACEUTICALS, INC.
46-CV-2020-900113.00

The following matter was FILED on 3/4/2022 9:25:11 AM

[Filer: ]

Notice Date:     3/4/2022 9:25:11 AM

DAVID LOVE, JR.
CIRCUIT COURT CLERK
MACON COUNTY, ALABAMA
101 EAST NORTHSIDE STREET
TUSKEGEE, AL, 36083

334-724-2614
david.love@alacourt.gov



AlaFile E-Notice

46-CV-2020-900113.00

Judge: STEVEN R. PERRYMAN

To:  MYLAN PHARMACEUTICALS, INC. (PRO SE)
1000 MYLAN BLVD.
CANONSBURG, PA, 15317-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

MARANDA LANGFORD V. MYLAN PHARMACEUTICALS, INC.
46-CV-2020-900113.00

The following matter was FILED on 3/4/2022 9:25:11 AM

[Filer: ]

Notice Date:      3/4/2022 9:25:11 AM

DAVID LOVE, JR.
CIRCUIT COURT CLERK
MACON COUNTY, ALABAMA
101 EAST NORTHSIDE STREET
TUSKEGEE, AL, 36083

334-724-2614
david.love@alacourt.gov



AlaFile E-Notice

46-CV-2020-900113.00

Judge: STEVEN R. PERRYMAN

To:  BROOKS GERALD CLARK
     gerald@seriouslawyers.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

MARANDA LANGFORD V. MYLAN PHARMACEUTICALS, INC.
46-CV-2020-900113.00

The following matter was FILED on 3/4/2022 9:25:11 AM

[Filer: ]

Notice Date:      3/4/2022 9:25:11 AM

DAVID LOVE, JR.
CIRCUIT COURT CLERK
MACON COUNTY, ALABAMA
101 EAST NORTHSIDE STREET
TUSKEGEE, AL, 36083

334-724-2614
david.love@alacourt.gov



AlaFile E-Notice

46-CV-2020-900113.00

Judge: STEVEN R. PERRYMAN

To:   BALDWIN CHRISTOPHER DANIE
      chris@chrisbaldwin.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

MARANDA LANGFORD V. MYLAN PHARMACEUTICALS, INC.
46-CV-2020-900113.00

The following matter was FILED on 3/4/2022 9:25:11 AM

[Filer: ]

Notice Date:    3/4/2022 9:25:11 AM

DAVID LOVE, JR.
CIRCUIT COURT CLERK
MACON COUNTY, ALABAMA
101 EAST NORTHSIDE STREET
TUSKEGEE, AL, 36083

334-724-2614
david.love@alacourt.gov



AlaFile E-Notice

46-CV-2020-900113.00

Judge: STEVEN R. PERRYMAN

To:  TOLLIVER TIFFANY
tiffany@monge.lawyer

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

MARANDA LANGFORD V. MYLAN PHARMACEUTICALS, INC.
46-CV-2020-900113.00

The following matter was FILED on 3/4/2022 9:25:11 AM

[Filer: ]

Notice Date:     3/4/2022 9:25:11 AM

DAVID LOVE, JR.
CIRCUIT COURT CLERK
MACON COUNTY, ALABAMA
101 EAST NORTHSIDE STREET
TUSKEGEE, AL, 36083

334-724-2614
david.love@alacourt.gov

ELECTRONICALLY FILED
3/8/2022 2:18 PM
46-CV-2020-900113.00
CIRCUIT COURT OF
MACON COUNTY, ALABAMA
DAVID LOVE, JR., CLERK

# IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

LANGFORD MARANDA,               )
Plaintiff,                      )
                                )
V.                              ) Case No.:    CV-2020-900113.00
                                )
MYLAN PHARMACEUTICALS,          )
INC.,                           )
Defendant.                      )

## Order on Damages

This action came on the Motion of Plaintiffs for a default judgment pursuant to Rule 55(b)(2) of the Alabama Rules of Civil Procedure.  The Motion was filed after the Defendant, Mylan Pharmaceuticals., Inc., was duly served with the Summons and Complaint, and not being an infant or an unrepresented incompetent person, the Defendant failed to plead or otherwise defend the action.  The Defendant's default has been duly entered and the Defendant has not taken any action in the proceedings since such default was entered.

A hearing was held before this Court on March 3, 2022. After the Court's consideration of the testimony presented by the Plaintiff, it is ORDERED and ADJUDGED that the Court hereby finds in favor of the Plaintiff, Maranda Langford, and

against the Defendant, Mylan Pharmaceuticals., Inc., and awards damages in the amount of **Seventy-five Thousand and 0/100 Dollars ($75,000.00)**.

**DONE this 8th day of March, 2022.**

**/s/ STEVEN R PERRYMAN**
**CIRCUIT JUDGE**



AlaFile E-Notice

46-CV-2020-900113.00

Judge: STEVEN R. PERRYMAN

To:   BROOKS GERALD CLARK
gerald@seriouslawyers.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

MARANDA LANGFORD V. MYLAN PHARMACEUTICALS, INC.
46-CV-2020-900113.00

The following matter was FILED on 3/8/2022 2:18:43 PM

Notice Date:    3/8/2022 2:18:43 PM

DAVID LOVE, JR.
CIRCUIT COURT CLERK
MACON COUNTY, ALABAMA
101 EAST NORTHSIDE STREET
TUSKEGEE, AL, 36083

334-724-2614
david.love@alacourt.gov



AlaFile E-Notice

46-CV-2020-900113.00

Judge: STEVEN R. PERRYMAN

To:  BALDWIN CHRISTOPHER DANIE
     chris@chrisbaldwin.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

MARANDA LANGFORD V. MYLAN PHARMACEUTICALS, INC.
46-CV-2020-900113.00

The following matter was FILED on 3/8/2022 2:18:43 PM

Notice Date:    3/8/2022 2:18:43 PM

DAVID LOVE, JR.
CIRCUIT COURT CLERK
MACON COUNTY, ALABAMA
101 EAST NORTHSIDE STREET
TUSKEGEE, AL, 36083

334-724-2614
david.love@alacourt.gov



AlaFile E-Notice

46-CV-2020-900113.00

Judge: STEVEN R. PERRYMAN

To:  TOLLIVER TIFFANY
tiffany@monge.lawyer

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

MARANDA LANGFORD V. MYLAN PHARMACEUTICALS, INC.
46-CV-2020-900113.00

The following matter was FILED on 3/8/2022 2:18:43 PM

Notice Date:     3/8/2022 2:18:43 PM

DAVID LOVE, JR.
CIRCUIT COURT CLERK
MACON COUNTY, ALABAMA
101 EAST NORTHSIDE STREET
TUSKEGEE, AL, 36083

334-724-2614
david.love@alacourt.gov



AlaFile E-Notice

46-CV-2020-900113.00

Judge: STEVEN R. PERRYMAN

To:  MYLAN PHARMACEUTICALS, INC. (PRO SE)
     1000 MYLAN BLVD.
     CANONSBURG, PA, 15317-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

MARANDA LANGFORD V. MYLAN PHARMACEUTICALS, INC.
46-CV-2020-900113.00

The following matter was FILED on 3/8/2022 2:18:43 PM

Notice Date:     3/8/2022 2:18:43 PM

DAVID LOVE, JR.
CIRCUIT COURT CLERK
MACON COUNTY, ALABAMA
101 EAST NORTHSIDE STREET
TUSKEGEE, AL, 36083

334-724-2614
david.love@alacourt.gov

ELECTRONICALLY FILED
5/20/2022 2:17 PM
46-CV-2020-900113.00
CIRCUIT COURT OF
MACON COUNTY, ALABAMA
DAVID LOVE, JR., CLERK

# STATE OF ALABAMA

**Unified Judicial System**

46-MACON

**Revised 3/5/08**

☐ District Court    ☑ Circuit Court

Cas

CV2

| MARANDA LANGFORD V. MYLAN PHARMACEUTICALS, INC. | **CIVIL MOTION COVER SHEET** |
|---|---|
| | *Name of Filing Party:* D001 - MYLAN PHARMACEUTICALS, INC. |

*Name, Address, and Telephone No. of Attorney or Party. If Not Represented.*

BRIAN PAUL STRENGTH

P.O. BOX 830810

TUSKEGEE, AL 36083

*Attorney Bar No.:* STR052

☐ Oral Arguments Requested

## TYPE OF MOTION

| Motions Requiring Fee | Motions Not Requiring Fee |
|---|---|
| ☐ Default Judgment ($50.00) | ☐ Add Party |
| ☐ Joinder in Other Party's Dispositive Motion (i.e.Summary Judgment, Judgment on the Pleadings, orother Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Amend |
| | ☐ Change of Venue/Transfer |
| | ☐ Compel |
| ☐ Judgment on the Pleadings ($50.00) | ☐ Consolidation |
| ☐ Motion to Dismiss, or in the Alternative SummaryJudgment($50.00) | ☐ Continue |
| | ☐ Deposition |
| ☐ Renewed Dispositive Motion(Summary Judgment,Judgment on the Pleadings, or other DispositiveMotion not pursuant to Rule 12(b)) ($50.00) | ☐ Designate a Mediator |
| | ☐ Judgment as a Matter of Law (during Trial) |
| ☐ Summary Judgment pursuant to Rule 56($50.00) | ☐ Disburse Funds |
| ☐ Motion to Intervene ($297.00) | ☐ Extension of Time |
| ☐ Other _____ | ☐ In Limine |
| pursuant to Rule _____ ($50.00) | ☐ Joinder |
| | ☐ More Definite Statement |
| *Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees. | ☐ Motion to Dismiss pursuant to Rule 12(b) |
| | ☐ New Trial |
| | ☐ Objection of Exemptions Claimed |
| ☐ Local Court Costs $   0 | ☐ Pendente Lite |
| | ☐ Plaintiff's Motion to Dismiss |
| | ☐ Preliminary Injunction |
| | ☐ Protective Order |
| | ☐ Quash |
| | ☐ Release from Stay of Execution |
| | ☐ Sanctions |
| | ☐ Sever |
| | ☐ Special Practice in Alabama |
| | ☐ Stay |
| | ☐ Strike |
| | ☐ Supplement to Pending Motion |
| | ☑ Vacate or Modify |
| | ☐ Withdraw |
| | ☐ Other _____ |
| | pursuant to Rule _____ (Subject to Filing Fee) |

| Check here if you have filed or are filing contemporaneously with this motion an Affidavit of Substantial Hardship or if you are filing on behalf of an agency or department of the State, county, or municipal government. (Pursuant to §6-5-1 Code of Alabama (1975), governmental entities are exempt from prepayment of filing fees) ☐ | Date:<br><br>5/20/2022 2:16:00 PM | Signature of Attorney or Party<br>/s/ BRIAN PAUL STRENGTH |

*This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.

**Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee.

ELECTRONICALLY FILED
5/20/2022 2:17 PM
46-CV-2020-900113.00
CIRCUIT COURT OF
MACON COUNTY, ALABAMA
DAVID LOVE, JR., CLERK

## IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

| | | |
|---|---|---|
| MARANDA LANGFORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.:  CV-2020-900113.00 |
| v. | ) | |
| | ) | |
| MYLAN PHARMACEUTICALS, INC. | ) | |
| and FICTITIOUS DEFENDANTS 1–7, | ) | |
| | ) | |
| Defendant. | ) | |

### MOTION TO VACATE AND SET ASIDE DEFAULT JUDGMENT

Defendant Mylan Pharmaceuticals Inc. ("MPI") moves this Honorable Court for an Order setting aside this Court's Entry of Default Judgment on December 8, 2020. As grounds for said Motion, MPI states as follows:

### INTRODUCTION

1.       On July 31, 2020, Plaintiff filed this product-liability action naming MPI and seven fictious defendants, alleging Plaintiff suffered an unspecified "injury" as a result of her use of FDA-approved valsartan-containing drugs ("VCDs").

2.       Plaintiff claims to have served MPI by certified mail directed to 1000 Mylan Boulevard, Canonsburg, PA, on August 10, 2020.

3.       The Return Receipt for purported service of the summons and complaint, however, bears no signature. (*See* Ex. "A".)

4.       Nonetheless, this Court entered default judgment against MPI on December 8, 2020.

5.       Upon Plaintiff's Motion, an order of damages was entered on March 8, 2022.

6.       All this occurred simultaneously with Plaintiff's counsel representing more than a dozen other plaintiffs with similar claims against MPI and different manufacturers in a

1

Multidistrict Litigation (MDL) established in 2019 in the U.S. District Court for the District of New Jersey. *See generally*, *In re Valsartan, Losartan and, Irbesartan Products Liability Litig.*, MDL No. 2875 (D.N.J.).

7.      In the *Valsartan* MDL, Clem C. Trischler and Jason M. Reefer of Pietragallo Gordon Alfano Bosick & Raspanti, LLP serve as members of the Defendants' Executive Committee, which operates as lead counsel for all defendants. *See id*. at Dkt. 96, Case Management Order No. 6 (CMO-6).

8.      As a court-appointed member of the Defendants' Executive Committee, MPI's counsel at the Pietragallo firm prepares and files agenda statements, represents all defendants at two status conferences per month, and signs all joint motions (e.g., *Daubert* motions, Rule 23 oppositions, etc.). Presently representing approximately 15 plaintiffs in the *Valsartan* MDL, the Serious Injury Law Group is thus reminded, at least twice a month, that MPI is represented by the Pietragallo firm, going back so far as 2019 when the MDL was formed.

9.      And Plaintiff's counsel's knowledge of the Pietragallo firm's representation of MPI is not merely constructive—it is express. Indeed, on September 8, 2020, just a month after Plaintiff claims to have served MPI in this action, a separate case naming MPI styled, *Thorn v. Mylan Pharmaceuticals, Inc.*, No. 2:20-cv-442 (S.D. Ala.), was removed to federal court.

10.     *Thorn*, like the case *sub judice*, involved allegations that the plaintiff was injured due to his use of VCDs containing nitrosamine impurities. The plaintiff in *Thorn*, just like the case *sub judice*, was represented by Gerald Brooks of the Serious Injury Law Group.

11.     In the *Thorn* matter, MPI provided written consent to removal, *see id.* at Dkt. No. 1-3, which identified Jason M. Reefer of the law firm Pietragallo Gordon Alfano Bosick &

Raspanti, LLP as counsel of record for MPI. Again, the same law firm representing MPI on Defendants' Executive Committee in the *Valsartan* MDL.

12.     Upon removal, *Thorn* was tagged for transfer to the *Valsartan* MDL. *See Thorn v. Mylan Pharmaceuticals, Inc.*, MDL No. 2875, at Dkt. 563 (J.P.M.L.). Yet again, attorneys with the Pietragallo firm entered their appearance as counsel for MPI. *See id.* at Dkt. 582. There, the plaintiff argued objections against removal, but, ultimately, the Panel overruled the objections *Id.* at Dkt. 605-1 and 666. The *Thorn* matter was transferred to the *Valsartan* MDL on December 15, 2020—just seven days after default was entered in *Langford*. *Id.*

13.     Between the date MPI was ostensibly served in *Langford* (August 10, 2020) and the date Plaintiff unscrupulously caused default judgment to be entered (December 8, 2020), Plaintiff's counsel, who was actively litigating the issue of remand against MPI in *Thorn*, did not bring this case to the attention of MPI's counsel.

14.     What's more, Plaintiff's counsel didn't even so much as provide a courtesy call to MPI's counsel during the *fifteen months* between the entry of default and the entry of an order of damages on March 8, 2022, despite the fact that Plaintiff's counsel was litigating some 15 actions in the *Valsartan* MDL where MPI is actively litigating and defending against several hundred cases through its outside counsel who serves on defendants' Executive Committee.

15.     Simply put, this Motion would be avoided if Plaintiff's counsel brought the *Langford* matter to the attention of MPI's counsel. Despite many months of knowing that the Pietragallo firm represents MPI, Plaintiff's counsel avoided each opportunity to make the Langford Complaint, default, and damages known to MPI's counsel.

16.     Notwithstanding this gamesmanship, the default judgment entered here is void as a matter of law or, separately, must be set aside based on MPI's justified and "excusable

neglect." ***First***, pursuant to Rule 60(b)(4), the judgment is void since service is improper under Rule 4. ***Second***, even if service were deemed "proper" at an address that is not MPI's usual place of business, MPI satisfies all three (3) *Kirtland* factors for setting aside judgment.

ARGUMENT

**I.**   **Judgment is Void Pursuant to Rule 60(b)(4) Because Purported Service is Patently Improper Under Rule 4.**

17.   Rule 4(c)(6) governs service on a corporation and provides in pertinent part:

> Service of process . . . shall be made . . . [u]pon a corporation, either domestic or foreign, by serving the agent authorized by appointment or by law to receive service of process or by serving the corporation by certified mail at any of its usual places of business or by serving an officer or an agent of the corporation[.]

18.   Rule 4(i)(2)(C) provides, in pertinent part (emphasis added):

> Service by certified mail shall be deemed complete and the time for answering shall run from the date of delivery to the named addressee or the addressee's agent as evidenced ***by signature on the return receipt***. Within the meaning of this subdivision 'agent' means a person or entity ***specifically authorized by the addressee to receive the addressee's mail and to deliver that mail to the addressee. Such agent's authority shall be conclusively established when the addressee acknowledges actual receipt of the summons and complaint or the court determines that the evidence proves the addressee did actually receive the summons and complaint in time to avoid a default.***

19.   Alabama courts require "strict compliance with the rules regarding service of process." *Ex parte Gentry*, 238 So. 3d 66, 73 (Ala. Civ. App. 2017) (alteration adopted) (quoting *Ex parte Pate*, 673 So. 2d at 429); *see also*, *Ex parte Shuttleworth*, 410 So. 2d 896 (Ala. 1981).

20.   "The failure to effect proper service under Rule 4, Ala. R. Civ. P., deprives the trial court of personal jurisdiction over the defendant and renders default judgment void." *Boudreaux v. Kemp*, 49 So.3d 1190 at 1194 (Ala. 2010) (quoting *Nichols v. Pate*, 992 So.2d 734 at 736 (Ala. Civ. App. 2018)).

4

21.    Further, "[o]ne of the requisites of personal service over a defendant is 'perfected service of process giving notice to the defendant of the suit being brought.'" *Horizons 2000, Inc. v. Smith*, 620 So.2d 606, 607 (Ala. 1993) (quoting *Ex parte Volkswagenwerk Aktiengesellschaft*, 443 So.2d 880, 884 (Ala. 1983)).

22.    "When the service of process on the defendant is contested as being improper or invalid, the burden of proof is on the plaintiff to prove that service of process was performed correctly and legally." *Id*.

23.    Rule 60(b)(4) of the Alabama Rules of Civil Procedure provides that, "[u]pon motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: the judgment is void[.]"

24.    "Failure of proper service under Rule 4 deprives a court of jurisdiction and renders its judgment void." *Northbrook Indem. Co. v. Westgate, Ltd.*, 769 So. 2d 890, 893 (Ala. 2000) (quoting *Ex parte Pate*, 673 So. 2d 427, 428-29 (Ala. 1995)).

25.    Service of process is improper and invalid for three reasons.

    a.    The address used for service is not an address where MPI regularly conducts business;

    b.    Service was not directed to an individual authorized by appointment to accept service for MPI.

    c.    Even if the location of service was correct and process was directed to an individual authorized to accept it, there is no signature on the Return Receipt submitted by Plaintiff.

26.    MPI is headquartered in Morgantown, West Virginia. (*See* Affidavit of Bradley A. Matta attached as Ex. "B").

27.    The address where Plaintiff ostensibly perfected service, 1000 Mylan Boulevard, Canonsburg, PA, is ***not*** MPI's usual place of business.

28.     In fact, 1000 Mylan Boulevard is the registered address of a separate entity, Mylan Inc., which is the parent corporation of MPI. (*See* Ex. "B").

29.     Absent extraordinary circumstances not at issue here, service upon a parent corporation of a defendant is insufficient to constitute service on the defendant. *Bank of America Corp. v. Edwards*, 881 So.2d 403 (Ala. 2003).

30.     To demonstrate the existence of such extraordinary circumstances, a plaintiff "must at least show that the parent corporation exercises such control and domination over the subsidiary that it no longer has a will, mind or existence of its own, and operates merely as a department of the parent corporation." *Id.* at 406 (quoting *Ex parte Volkswagenwerk Aktiengesellschaft*, 443 So.2d at 884) (internal quotations omitted)).

31.     Factors to be considered in determining the requisite showing of control are:

a.  The parent corporation owns all or most of the capital stock of the subsidiary;

b.  The parent and subsidiary corporations have common directors and officers;

c.  The parent corporation finances the subsidiary;

d.  The parent corporation subscribes to all the capital stock of the subsidiary or otherwise causes its incorporation;

e.  The subsidiary has grossly inadequate capital;

f.  The parent corporation pays the salaries and other expenses or losses of the subsidiary;

g.  The subsidiary has substantially no business except with the parent corporation or no assets except those conveyed to it by the parent corporation;

h.  In the papers of the parent corporation or in the statements of its officers, the subsidiary is described as a department or division of the parent corporation, or its business or financial responsibility is referred to as the parent corporation's own;

i.  The parent corporation uses the property of the subsidiary as its own;

j.  The directors or executives of the subsidiary do not act independently in the interest of the subsidiary but take their orders from the parent corporation;

> k.  The formal legal requirements of the subsidiary are not observed.

*Id.* at 407.

32.     Plaintiff has not and cannot meet this exacting burden.  Plaintiff did not make any such allegation in her Complaint, but even if she did, her allegations would fail for the simple fact that MPI and Mylan Inc. are and operate as separate and distinct corporate entities.

33.     Plaintiff's attempt to serve MPI at the registered address of Mylan Inc., therefore, is invalid.

34.     Further, even if MPI were amenable to service at a location other than its usual place of business (which it is not), service was still improper due to the lack of signature on the Return Receipt by an individual authorized to accept service. (*See* Ex. "A").

35.     The Committee Comments to Rule 4 are instructive:

> [C]ourts should be vigilant to protect the rights of defendants when default judgments are entered on the basis of service upon an agent of the defendant. On motion to set aside a default or on motion for relief from a default, where service has been attempted on a person alleged to be or purporting to be an agent, no presumption of agency should be indulged in with respect to such service and the court should be satisfied that the person upon whom service was attempted was in fact the authorized agent of the defendant before refusing to grant relief from a default judgment.

36.     As to service on a corporation, the Comments state:

> The former provision allowing corporations and other business entities to be served by certified mail at any of their usual places of business has been eliminated . . . . Now, personal or certified mail service must be directed to the registered or appointed agent or to a specific person, such as an "officer."

37.     "[T]he Committee Comments specifically state that effective service by certified mail to a business entity requires delivery to an 'addressee,' who must be a person as identified in Rule 4(c)(6), or, alternatively, to the addressee's agent specifically authorized to receive the addressee's mail. The Committee Comments state: 'If the defendant is an entity, such as a

corporation within Rule 4(c)(6), ***the 'addressee' will have to be a person defined in that rule,***

***such as an 'officer' or a 'managing agent***.'" *Woodruff Brokerage Co., Inc. v. Beatty*, 297 So. 3d

354, 358 (Ala. 2019) (quoting *Ex parte LERETA*, 226 So.3d 140, 144-45 (Ala. 2016) (emphasis

added); *see also Royal Building Products (USA), Inc. v. Whisenant Construction, LLC*, --So.3d--,

No. 2200862, 2022 WL 1124985 (Ala. Civ. App. April 15, 2022).

38.     Further, "default judgments are not favored by the courts, and [the] discretion to

grant [a default judgment] should be resolved in favor of the defaulting party when there is doubt

as to the propriety thereof." *Colvin v. Colvin,* 628 So.2d 802, 803 (Ala. Civ. App.1993); *see also*

*Montgomery County Bd. of Educ. v. Addison*, 3 So.3d 885, 886 (Ala. Civ. App. 2008)

(concluding that service of process had not been properly made on school board because no

evidence was presented indicating that the employee served was an agent of the school board

authorized to receive service; as a result, this court concluded that the trial court had erred in

denying school board's motion to set aside default judgment).

39.     Where signatures are illegible on the Return Receipt and defendants deny

receiving the summons and complaint, service is improper and default judgment will be set

aside. *Johnson v. Hall*, 10 So.3d 1031, 1036–37 (Ala. Civ. App. 2008).

40.     Indeed, where certified mail is not addressed to a human being, but rather to a

corporation, service is improper. *Woodruff Brokerage Co., Inc.*, 297 So. 3d at 358.

41.     As demonstrated, Plaintiff's attempt to serve MPI failed on multiple levels: (i) it

was not directed to MPI's usual place of business; (ii) it was not addressed to an individual

authorized to accept service on behalf of MPI; and (iii) there is no signature whatsoever on the

Return Receipt submitted by Plaintiff. Any one of these shortcomings, in and of itself, renders

service invalid, but taken together, there is no colorable basis to suggest MPI was served with process in this action.

42.    The entry of judgment against MPI is therefore void.

**II.    <u>Even if Service Were Proper, Judgment Should be Set Aside Pursuant to Rule 60(b)(1).</u>**

43.    Plaintiff's failure to properly serve MPI is dispositive. However, even if service had been proper, the judgment should be set aside pursuant to Rule 60(b)(1), Ala. R. Civ. P.

44.    Rule 60(b)(1) provides the court with discretion to grant relief from final judgment where "excusable neglect" is found. *See Ex parte Branson Mach., LLC,* 78 So. 3d 950, 955 (Ala. 2011).

45.    A party receiving a summons, who fails to respond with good excuse, will avoid judgment. *See DaLee v. Crosby Lumber Co., Inc.*, 561 So.2d 1086 (Ala. 1990).

46.    Not receiving notice of judgment is reason to set aside judgment. Where the reason for not receiving notice of suit, or obligation to appear, is that service was made to the incorrect address, the courts favor granting relief from judgment entered as a result. *See DeQuesada v. DeQuesada,* 698 So.2d 1096 (Ala. Civ. App. 1996); *see also Marks v. Marks*, 181 So.3d 361 (Ala. Civ. App. 2015). A party cannot be obligated to respond to claims it does not know exist.

47.    Putting aside Plaintiff's defective service of the Complaint, MPI not responding is justifiably excused by the fact that it simply did not receive the Complaint.

48.    Plaintiff ostensibly served MPI in August of 2020, when the world was in the midst of a global pandemic necessitating all non-essential employees to work remotely.

49.    Plaintiff's counsel was or should have been well aware of the Pietragallo firm's representation of MPI in other litigation concerning VCDs, including the aforementioned *Thorn*

matter naming MPI and the *Valsartan* MDL in the District of New Jersey, where Plaintiff's counsel handles over a dozen matters.

50.     As a matter of fairness and equity, this gamesmanship should not be rewarded.

51.     Beyond Plaintiff not providing MPI with notice of the Complaint, MPI satisfies the three (3) *Kirtland* factors for setting aside judgment. *See Royal Building, supra*, citing *Campbell v. Campbell*, 910 So.2d 1288 (Ala. Civ. App. 2005), discussing *Kirtland v. Fort Morgan Authority Sewer Service, Inc.*, 524 So.2d 600 (Ala. 1988).

52.     The first factor – showing there is a meritorious defense to Plaintiff's claims – is evidenced by the hundreds of similar claims currently being litigated in the *Valsartan* MDL. Indeed, each plaintiff in the *Valsartan* MDL asserts product liability claims involving VCDs and alleged injuries resulting from taking VCDs.

53.     Even more, MPI has a complete defense to Plaintiff's claims in this particular case because Plaintiff has no legally cognizable claim for hypothetical future harm – a defense that would have resulted in dismissal of the Complaint.

54.     As a matter of law, fear of future injury is not a cognizable claim under Alabama law. *See Pfizer, Inc. v. Farsian*, 682 So.2d 405 (Ala. 1996). Plaintiff must have suffered an actual injury – the threat of future harm is not enough. *See S. Bakeries, Inc. v. Knipp*, 852 So. 2d 712 (Ala. 2002).

55.     As the Alabama Supreme Court explained in *S. Bakeries, Inc., supra*, fear is a "real phenomenon and can be debilitating," but that fear is not a "legally cognizable present injury." *Id*. at 718. "Opening the courts generally for compensation for fear of future disease would be a dramatic change in the law and could engender significant unforeseen and unforeseeable consequences." *Id.*

56.     The second *Kirtland* factor – lack of substantial prejudice to Plaintiff – is also satisfied. There is active and ongoing litigation involving the alleged impurities in MPI's VCDs. This case, if judgment were properly set aside, belongs in the *Valsartan* MDL, where the parties may litigate the substance and merits of the claims and defenses.

57.     The final *Kirtland* factor is also met because there is no evidence of culpable conduct by MPI. MPI did not evade service. MPI did not knowingly ignore Plaintiff's Complaint. MPI exhibited no conduct that could be characterized as "flagrant disrespect for court rules, deliberate and knowing disregard for judicial authority or intentional non-responsiveness." *Kirtland, supra*, at 608.

58.     Therefore, even if the Court were to find Plaintiff's service was proper, judgment should be set aside pursuant to Rule 60(b)(1), Ala. R. Civ. P.

<u>**CONCLUSION**</u>

59.     Plaintiff's improper service deprived MPI of notice of the suit and deprived this Court of jurisdiction over MPI, rendering the default judgment void. *See Royal Building, supra*; *Slocumb Law Firm, LLC v. Greenberger*, 2020 WL 4251659, July 24, 2020 (Ala. Civ. App. 2020).

60.     But even if Plaintiff could meet her burden of proving proper service on MPI, the judgment should be set aside pursuant to Rule 60(b)(1). Not only has MPI established its justifiable reason for not responding to a Complaint served to the wrong address, but MPI also satisfied the court-endorsed factors in *Kirtland* that underscore a policy of a party's just and fair opportunity to litigate the merits of the claims asserted.

61.     It would be particularly unjust and perverse to uphold default judgment in this instance, where Plaintiff's counsel had constructive and express notice that MPI was represented

by the Pietragallo law firm in product-liability matters involving VCDs, including an active

MDL pending in the District of New Jersey, yet chose to obfuscate both the existence of the

*Langford* action and his intention of seeking default judgment in connection with litigation

where MPI has been actively defending itself for over three years.

WHEREFORE, PREMISES CONSIDERED, this defendant respectfully requests This

Honorable Court to set aside the default judgment against MPI for all reasons included.

Respectfully submitted,

*/s/Brian Strength*
BRIAN P. STRENGTH (STR052)
Attorney for Defendant Mylan
Pharmaceuticals Inc.

OF COUNSEL:
**Strength & Connally, LLC**
Post Office Box 830810
402 N. Main Street
Tuskegee, Alabama 36083
Telephone-(334)727-7762
bs@strengthconnally.com

PRO HAC VICE ADMISSION TO BE SOUGHT:
Clem C. Trischler *(to be admitted pro hac vice)*
**PIETRAGALLO GORDON ALFANO
BOSICK & RASPANTI, LLP**
One Oxford Centre, 38th Floor
301 Grant Street
Pittsburgh, Pennsylvania 15219
Telephone-(412)263-2000
CCT@Pietragallo.com

12

## CERTIFICATE OF SERVICE

I hereby certify that I have electronically filed the foregoing with the Clerk of Court using the State of Alabama's electronic filing system which will send notification of such filing to all counsel.


/s/ Brian P. Strength
OF COUNSEL

ELECTRONICALLY FILED
5/20/2022 2:17 PM
46-CV-2020-900113.00
CIRCUIT COURT OF
MACON COUNTY, ALABAMA
DAVID LOVE, JR., CLERK

# Exhibit A

## SENDER: COMPLETE THIS SECTION

- ■ Complete items 1, 2, and 3.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

MYLAN PHARMACEUTICALS, INC.

1000 MYLAN BLVD.

CANONSBURG, PA 15317



9590 9402 5045 9092 6469 56

2. Article Number (Transfer from service label)

7019 2280 0000 2798 0212

## COMPLETE THIS SECTION ON DELIVERY

A. Signature

RECEIVED  AUG 1 0 2020

X

☐ Agent
☐ Addressee

B. Received by (Printed Name)        C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ _____ Mail
☐ _____ Mail Restricted Delivery
    (over _____)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053           Domestic Return Receipt

DOCUMENT 29

**USPS TRACKING #**



9590 9402 5045 9092 6469 56

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

**United States
Postal Service**

* Sender: Please print your name, address, and ZIP+4® in this box*

David R. Love, Jr.
Macon County Circuit Clerk
P.O. BOx 830723
Tuskegee, AL 36083

CV-2020-900113 Summons

ELECTRONICALLY FILED
5/20/2022 2:17 PM
46-CV-2020-900113.00
CIRCUIT COURT OF
MACON COUNTY, ALABAMA
DAVID LOVE, JR., CLERK

# Exhibit B

**IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA**

MARANDA LANGFORD,        )
                                 )
      Plaintiff,          )
                                 )  Case No.:  CV-2020-900113.00
v.                               )
                                 )
MYLAN PHARMACEUTICALS, INC.  )
and FICTITIOUS DEFENDANTS 1–7,  )
                                 )
      Defendant.       )

## <u>DECLARATION OF  BRADLEY A. MATTA</u>

I, Bradley A. Matta, declare as follows:

1.     I am employed with Mylan Inc. in the position of Litigation Counsel.

2.     I have personal knowledge of the facts set forth in this Declaration. If called and sworn as a witness, I could and would testify as set forth in this Declaration. I base my statements upon information obtained from various sources, including my own personal experience as Litigation Counsel for Mylan, documents maintained by the Company in the regular course of its business, and other information obtained by me in the ordinary course of business.

3.     I submit this Declaration in support of the Motion to Vacate and Set Aside Default Judgment filed in the above-captioned matter.

4.     I understand that Plaintiff's Complaint names Mylan Pharmaceuticals, Inc. as a defendant.

5.     Mylan Pharmaceuticals Inc. (MPI) is, at the time Plaintiff attempted service of the Complaint on August 10, 2020, a West Virginia corporation with its primary place of business in West Virginia.

6.      MPI is not registered to do business in Pennsylvania. MPI's registered business address is 731 Chestnut Ridge Road, Morgantown, West Virginia 26505. MPI's operational business is central to its office in West Virginia.

7.      At the time of attempted delivery of Plaintiff's Complaint to "Mylan Pharmaceuticals, Inc., 1000 Mylan Blvd., Canonsburg, PA 15317," this location was the business address of MPI's parent company, Mylan Inc.

8.      At the time of attempted delivery of Plaintiff's Complaint – August 10, 2020 – this location was operating at limited capacity as a result of the COVID-19 pandemic.

9.      I reviewed the USPS Return Receipt filed in this case. There is no signature or name that would allow for the identification of an individual who purportedly received Plaintiff's Complaint:



10.    I declare under penalty of perjury under the laws of the Commonwealth of

Pennsylvania that the foregoing is true and correct.

Executed on: _5-11-22_

AlaFile E-Notice

46-CV-2020-900113.00

Judge: STEVEN R. PERRYMAN

To:  BRIAN PAUL STRENGTH
bs@strengthconnally.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

MARANDA LANGFORD V. MYLAN PHARMACEUTICALS, INC.
46-CV-2020-900113.00

The following matter was FILED on 5/20/2022 2:17:02 PM

D001 MYLAN PHARMACEUTICALS, INC.
MOTION TO VACATE OR MODIFY
[Filer: STRENGTH BRIAN PAUL]

Notice Date:     5/20/2022 2:17:02 PM

DAVID LOVE, JR.
CIRCUIT COURT CLERK
MACON COUNTY, ALABAMA
101 EAST NORTHSIDE STREET
TUSKEGEE, AL, 36083

334-724-2614
david.love@alacourt.gov



AlaFile E-Notice

46-CV-2020-900113.00

Judge: STEVEN R. PERRYMAN

To:  MYLAN PHARMACEUTICALS, INC. (PRO SE)
1000 MYLAN BLVD.
CANONSBURG, PA, 15317-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

MARANDA LANGFORD V. MYLAN PHARMACEUTICALS, INC.
46-CV-2020-900113.00

The following matter was FILED on 5/20/2022 2:17:02 PM

D001 MYLAN PHARMACEUTICALS, INC.

MOTION TO VACATE OR MODIFY

[Filer: STRENGTH BRIAN PAUL]

Notice Date:     5/20/2022 2:17:02 PM

DAVID LOVE, JR.
CIRCUIT COURT CLERK
MACON COUNTY, ALABAMA
101 EAST NORTHSIDE STREET
TUSKEGEE, AL, 36083

334-724-2614
david.love@alacourt.gov



AlaFile E-Notice

46-CV-2020-900113.00

Judge: STEVEN R. PERRYMAN

To:  BROOKS GERALD CLARK
     gerald@seriouslawyers.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

MARANDA LANGFORD V. MYLAN PHARMACEUTICALS, INC.
46-CV-2020-900113.00

The following matter was FILED on 5/20/2022 2:17:02 PM

D001 MYLAN PHARMACEUTICALS, INC.
MOTION TO VACATE OR MODIFY
[Filer: STRENGTH BRIAN PAUL]

Notice Date:    5/20/2022 2:17:02 PM

DAVID LOVE, JR.
CIRCUIT COURT CLERK
MACON COUNTY, ALABAMA
101 EAST NORTHSIDE STREET
TUSKEGEE, AL, 36083

334-724-2614
david.love@alacourt.gov



AlaFile E-Notice

46-CV-2020-900113.00

Judge: STEVEN R. PERRYMAN

To:   BALDWIN CHRISTOPHER DANIE
      chris@chrisbaldwin.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

MARANDA LANGFORD V. MYLAN PHARMACEUTICALS, INC.
46-CV-2020-900113.00

The following matter was FILED on 5/20/2022 2:17:02 PM

D001 MYLAN PHARMACEUTICALS, INC.
MOTION TO VACATE OR MODIFY
[Filer: STRENGTH BRIAN PAUL]

Notice Date:    5/20/2022 2:17:02 PM

DAVID LOVE, JR.
CIRCUIT COURT CLERK
MACON COUNTY, ALABAMA
101 EAST NORTHSIDE STREET
TUSKEGEE, AL, 36083

334-724-2614
david.love@alacourt.gov

AlaFile E-Notice

46-CV-2020-900113.00

Judge: STEVEN R. PERRYMAN

To:  TOLLIVER TIFFANY LAWANDA
tiffany@monge.lawyer

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

MARANDA LANGFORD V. MYLAN PHARMACEUTICALS, INC.
46-CV-2020-900113.00

The following matter was FILED on 5/20/2022 2:17:02 PM

D001 MYLAN PHARMACEUTICALS, INC.
MOTION TO VACATE OR MODIFY
[Filer: STRENGTH BRIAN PAUL]

Notice Date:     5/20/2022 2:17:02 PM

DAVID LOVE, JR.
CIRCUIT COURT CLERK
MACON COUNTY, ALABAMA
101 EAST NORTHSIDE STREET
TUSKEGEE, AL, 36083

334-724-2614
david.love@alacourt.gov

ELECTRONICALLY FILED
5/23/2022 11:09 AM
46-CV-2020-900113.00
CIRCUIT COURT OF
MACON COUNTY, ALABAMA
DAVID LOVE, JR., CLERK

## IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

| | |
|---|---|
| LANGFORD MARANDA, | ) |
| Plaintiff, | ) |
| | ) |
| V. | ) Case No.:    CV-2020-900113.00 |
| | ) |
| MYLAN PHARMACEUTICALS, INC., | ) |
| Defendant. | ) |

## ORDER SETTING HEARING

MOTION TO VACATE OR MODIFY filed by MYLAN PHARMACEUTICALS, INC. is hereby set for hearing on August 18, 2022 at 9:00 am.

**DONE this 23rd day of May, 2022.**

**/s/ STEVEN R PERRYMAN**
**CIRCUIT JUDGE**



AlaFile E-Notice

46-CV-2020-900113.00

Judge: STEVEN R. PERRYMAN

To: BROOKS GERALD CLARK
gerald@seriouslawyers.com

---

# NOTICE OF COURT ACTION

---

IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

MARANDA LANGFORD V. MYLAN PHARMACEUTICALS, INC.
46-CV-2020-900113.00

A court action was entered in the above case on 5/23/2022 11:09:25 AM

ORDER

[Filer: ]

Disposition:     OTHER
Judge:           SRP

Notice Date:     5/23/2022 11:09:25 AM

DAVID LOVE, JR.
CIRCUIT COURT CLERK
MACON COUNTY, ALABAMA
101 EAST NORTHSIDE STREET
TUSKEGEE, AL, 36083

334-724-2614
david.love@alacourt.gov



AlaFile E-Notice

46-CV-2020-900113.00

Judge: STEVEN R. PERRYMAN

To:  BALDWIN CHRISTOPHER DANIE
chris@chrisbaldwin.com

---

# NOTICE OF COURT ACTION

---

IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

MARANDA LANGFORD V. MYLAN PHARMACEUTICALS, INC.
46-CV-2020-900113.00

A court action was entered in the above case on 5/23/2022 11:09:25 AM

ORDER

[Filer: ]

Disposition:     OTHER
Judge:           SRP

Notice Date:     5/23/2022 11:09:25 AM

DAVID LOVE, JR.
CIRCUIT COURT CLERK
MACON COUNTY, ALABAMA
101 EAST NORTHSIDE STREET
TUSKEGEE, AL, 36083

334-724-2614
david.love@alacourt.gov



AlaFile E-Notice

46-CV-2020-900113.00

Judge: STEVEN R. PERRYMAN

To:  TOLLIVER TIFFANY LAWANDA
tiffany@monge.lawyer

---

# NOTICE OF COURT ACTION

---

IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

MARANDA LANGFORD V. MYLAN PHARMACEUTICALS, INC.
46-CV-2020-900113.00

A court action was entered in the above case on 5/23/2022 11:09:25 AM

ORDER

[Filer: ]

Disposition:     OTHER
Judge:           SRP

Notice Date:     5/23/2022 11:09:25 AM

DAVID LOVE, JR.
CIRCUIT COURT CLERK
MACON COUNTY, ALABAMA
101 EAST NORTHSIDE STREET
TUSKEGEE, AL, 36083

334-724-2614
david.love@alacourt.gov



**AlaFile E-Notice**

46-CV-2020-900113.00

Judge: STEVEN R. PERRYMAN

To: STRENGTH BRIAN PAUL
bs@strengthconnally.com

# NOTICE OF COURT ACTION

IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

MARANDA LANGFORD V. MYLAN PHARMACEUTICALS, INC.
46-CV-2020-900113.00

A court action was entered in the above case on 5/23/2022 11:09:25 AM

ORDER

[Filer: ]

Disposition:     OTHER
Judge:           SRP

Notice Date:     5/23/2022 11:09:25 AM

DAVID LOVE, JR.
CIRCUIT COURT CLERK
MACON COUNTY, ALABAMA
101 EAST NORTHSIDE STREET
TUSKEGEE, AL, 36083

334-724-2614
david.love@alacourt.gov